IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

PROBATTER SPORTS, LLC,

    Plaintiff,

vs.

JOYNER TECHNOLOGIES, INC. and
UNIVERSITY OF NORTHERN IOWA,

    Defendants.

No. C05-2045

**ORDER**

_____

This matter comes before the court pursuant to Plaintiff Probatter Sports, LLC's August 8, 2005 motion to strike answer to complaint, counterclaim, and motion for entry of default judgment (docket number 20). For the following reasons, the plaintiff's motion is granted as set forth in this Order.

### I. INTRODUCTION

The plaintiff in this matter, Probatter Sports, LLC, is suing Defendants Joyner Technologies, Inc., (Defendant Joyner) and the University of Northern Iowa, asserting infringement of two patents, inducement of infringement, unfair competition and unfair trade practice. To this point, Defendant Joyner Technologies, Inc. has been represented pro se, by its CEO, James W. Joyner.

### II. CONCLUSIONS OF LAW

The plaintiff contends that Defendant Joyner's answer, counterclaims, and affirmative defenses should be stricken and that default judgment should be entered against Defendant Joyner. Specifically, the plaintiff contends that Defendant Joyner, a

1

corporation, may not appear pro se because settled law dictates that a corporation must be represented by counsel.[1] The plaintiff asserts that the court should strike Defendant Joyner's answer, counterclaims, and affirmative defenses in their entirety pursuant to Fed. R. Civ. P. 12(f).[2] The plaintiff further asserts that default entry should be entered against Defendant Joyner pursuant to Fed. R. Civ. P. 55(a) because Defendant Joyner has, due to its insistence on appearing pro se, effectively failed to appear.[3]

Defendant Joyner resists, arguing that courts have allowed pro se representation of a corporation on a case-by-case basis, upon a finding that the corporation and its

---

[1] The plaintiff cites to Carr Enterprises, Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983) (internal citations omitted); Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 857 (8th Cir. 1996); Hawkeye Bank and Trust, National Association v. Terry B. Baugh, 463 N.W.2d 22, 25 (Iowa 1990).

[2] Fed. R. Civ. P. 12(f) provides, in relevant part:
> Upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

The plaintiff asserts that other courts have stricken papers filed by corporations appearing pro se, citing Boilermaker-Blacksmith National Pension Fund et al v. Tank Maintenance & Technology, Inc., 1997 U.S. LEXIS 11455 (D. Kan. 1997); Galt G/S v. Sealand Services, Inc., 1989 U.S. Dist. LEXIS 7018 (N.D.N.Y. 1989).

[3] Fed. R. Civ. P. 55(a) states, in relevant part:
> When a party against whom a judgment . . . is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

The plaintiff contends that an entry of default has been granted in at least one case, for failure to appear based on the fact that a corporation appeared pro se. The plaintiff cites Galt G/S v. Sealand Services, Inc., 1989 U.S. Dist. LEXIS 7018 (N.D.N.Y. 1989).

representatives were "so closely related that their identities [were] virtually indistinguishable,"[4] such that the corporation can be said to represent the interests of a single person, rather than the interests of multiple shareholders and others. Defendant Joyner asserts that this is such a case, as he "owns one hundred percent of the stock of Joyner Technologies, Inc." and, therefore, "[n]o other owners have a financial interest in Joyner Technologies, Inc." Accordingly, Defendant Joyner argues that Joyner should be allowed to proceed in this matter pro se.

Defendant Joyner further argues that the cases cited by the plaintiff, for the proposition that a corporation may not be represented pro se, are distinguishable from this case. First, Defendant Joyner argues that Carr Enterprises, 698 F.2d 952, is distinguishable because the individual who was attempting to represent the corporation pro se in Carr owned no interest in the corporation. Second, Defendant Joyner argues that Fingerhut Corp., 86 F.3d at 857, is distinguishable because the corporation in Fingerhut had multiple owners, and accordingly, there were multiple interests involved.

Finally, Defendant Joyner argues that its answer, counterclaims, and affirmative defenses should not be stricken because they are sufficient. In the event that the court finds that Defendant Joyner may not proceed pro se, Defendant Joyner requests an additional 60 days to allow it to secure counsel.

The plaintiff's motion to strike is granted. It is well settled that in federal court a party has the right to plead and conduct his own cases. Faretta v. California, 422 U.S. 806, 830 (1975). As stated in 28 U.S.C. 1654:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

28 U.S.C. § 1654. In construing the above language, the "contention that a corporation may enter an appearance in proper person or through its president has been consistently

---

[4] Defendant Joyner cites to Hawkeye Bank and Trust, National Association v. Terry B. Baugh, 463 N.W.2d 22 (Iowa 1990).

rejected." Southwest Exp. Co., Inc. v. ICC, 670 F.2d 53, 55 (5th Cir. 1982). See also Plazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); In Re Las Colinas Dev. Corp., 585 F.2d 7 (1st Cir. 1978), cert. denied, 440 U.S. 931 (1979); Philips v. Tobin, 548 F.2d 408, 411 (2d Cir. 1976); Strong Del. Min. Ass'n. v. Board of App. of Cook County, 543 F.2d 32, 33 (7th Cir. 1976). A corporation is an artificial entity that can act only through agents, cannot appear pro se and must be represented by counsel. Plazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 2058 (1986). See Commercial and Railroad Bank of Vicksburg v. Slocomb, 38 U.S. (14 Pet.) 60 (1840); see also Hawkeye Bank & Trust, N.A. v. Baugh, 463 N.W.2d 22, 25-26 (Iowa 1990).

The Fifth Circuit Court of Appeals highlighted the rationale behind the rule prohibiting corporate representation by pro se litigants. Southwest Exp. Co., Inc. v. ICC, 670 F.2d 53, 55-56 (5th Cir. 1982). In Southwest, the court stated as follows:

> Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of § 1654 is that they must be represented by licensed counsel. In S. Stern & Company v. United States, 331 F.2d 310, 51 C.C.P.A. 15 (1963), the Court of Customs and Patent Appeals held that 28 U.S.C.A. § 1654 would not allow a lay partner in a partnership to represent the partnership in a judicial proceeding. Likewise, there is a long line of cases starting with Osborn v. Bank of United States, 9 Wheat. (22 U.S. 738), 6 L. Ed. 204, and continuing through Commercial & Railroad Bank of Vicksburg v. Slocomb, 15 Pet. (39 U.S. 60), 10 L. Ed. 354 (1940); Nightingale v. Oregon Central Railway Company, 18 Fed. Cas. No. 10, 264, p.239; Brandstein v. White Lamps, 20 F. Supp. 369 (S.D.N.Y. 1937); MacNeil v. Hearst Corp., 160 F. Supp. 157 (Del. 1958); and Flora Construction Company v. Fireman's Fund Insurance Company, 307 F.2d 413 (C.A. 10, 1962), which have held that under 28 U.S.C.A. § 1654 and its predecessor statutes a corporation may only be represented by licensed counsel. Several of these cases, particularly

> Nightingale, Hearst and White Lamps, have emphasized the importance of the Centuries-old concept of a Court having a lawyer before it who has been qualified to practice, and who is subject to the Court's control. . . . Corporations and partnerships, by their very nature, are unable to represent themselves and the consistent interpretation of § 1654 is that the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation.

Southwest Exp. Co., Inc. v. ICC, 670 F.2d at 55-56 (quoting Turner v. American Bar Ass'n., 407 F. Supp. 451, 476 (N.D. Ind. 1975)).

Upon the foregoing,

IT IS ORDERED that the plaintiff's motion to strike Defendant Joyner's answer, affirmative defenses, and counterclaims and for entry of default judgment (docket number 20) is granted as follows: Defendant Joyner shall retain licensed counsel for representation in this matter, and such counsel shall file an appearance on behalf of Defendant Joyner on or before September 15, 2005. If no such appearance is filed, the Clerk shall enter Judgment for the plaintiff by default pursuant to Fed. R. Civ. P. 55(a), as requested in the plaintiff's motion (docket number 20).[5]

August 26, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[5] In regard to the default entry, the plaintiff specifically requests:
> Though a default judgment generally allows [the plaintiff] a recovery of all relief sought by the [p]laintiff, in the interests of justice, [the plaintiff] requests only that an injunction against any further sales of the [allegedly] infringing product, including any additional sales to the University of Northern Iowa be entered against [Defendant] Joyner.