# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

PROBATTER SPORTS, LLC,

    Plaintiff,

vs.

JOYNER TECHNOLOGIES and UNIVERSITY OF NORTHERN IOWA,

    Defendants.

No. 05-CV-2045-LRR

**ORDER**

_____

    Before the court are Defendant Joyner Technologies' Motion to Stay and Alternative Motion to Extend Time to Respond to Plaintiff's Motion to Dismiss (docket no. 28).

    On May 17, 2005, Plaintiff ProBatter Sports, LLC ("ProBatter") filed a Complaint and Jury Demand against Defendants Joyner Technologies, Inc. ("Joyner") and University of Northern Iowa ("UNI"). ProBatter alleged (1) contributory infringement and inducement of patent infringement against Joyner, (2) literal patent infringement against Joyner and UNI, and (3) unfair competition and unfair trade practice against Joyner.

    On September 15, 2005, Joyner filed an Answer and Counterclaim. In Count I of its Counterclaim, Joyner sought a declaratory judgment of non-infringement. In Count II, Joyner alleged common law unfair competition. In Count III, Joyner alleged abuse of process.

    On October 5, 2005, ProBatter filed a Motion to Dismiss. In the Motion to Dismiss, ProBatter asks the court to dismiss Counts II and III of Joyner's Counterclaim, i.e., the allegations of common law unfair competition and abuse of process.

    On October 17, 2005, Joyner filed the instant Motion to Stay and Alternative

Motion to Extend Time to Respond to Plaintiff's Motion to Dismiss. In the Motion to Stay, Joyner asserts that "[t]he issues raised in the Plaintiff's Third Cause of Action and in Counts II and III of Joyner's Counterclaim may be resolved by a resolution of the Plaintiff's patent infringement claims." Joyner requests that the court stay "all issues raised in [ProBatter's] Complaint and in Joyner's Counterclaims, other than patent infringement and related invalidity claims (but not including inequitable conduct claims) . . . until such time as [the latter] issues are resolved." In the Alternative Motion to Extend Time to Respond to Plaintiff's Motion to Dismiss, Joyner asks for additional time to file a resistance to ProBatter's Motion to Dismiss.

On October 31, 2005, ProBatter filed a Resistance. ProBatter resists a stay. Plaintiff points out that Joyner's Motion to Stay does not cite any authority, and, in any event, federal practice and case law do not support the granting of a stay. In the event the court denies the Motion to Stay, ProBatter requests that Joyner's resistance be due within seven days of the court's order.

On November 3, 2005, Joyner filed a Reply. Joyner claims Federal Rule of Civil Procedure 1 gives the court the authority to grant a stay. Joyner claims a stay is warranted because (1) a stay would not unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) a stay would simplify the issues in question and trial of the case, and (3) discovery has not begun and a trial date has not been set. In its Reply, Joyner also requests oral argument.

For the reasons expressed in ProBatter's Resistance, the court denies the Motion to Stay. Defendant Joyner cited no authority in its Motion to Stay. *But see* LR 7.1 (requiring citation to authority). In any event, the court believes bifurcating matters will only complicate the issues and trial of the case. The court concludes oral argument, even if it were requested in the Motion to Stay, is not necessary.

The court grants Joyner's Alternative Motion to Extend Time to Respond to Plaintiff's Motion to Dismiss. Joyner shall file its response on or before December 9, 2005.

Accordingly, Joyner's Motion to Stay Motion to Stay (docket no. 28) is **DENIED**. Joyner's Alternative Motion to Extend Time to Respond to Plaintiff's Motion to Dismiss (docket no. 28) is **GRANTED**. Joyner shall file its response on or before December 9, 2005.

**IT IS SO ORDERED.**

**DATED** this 28th day of November, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA