# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

PROBATTER SPORTS, LLC,

    Plaintiff,

vs.

JOYNER TECHNOLOGIES, INC. and THE UNIVERSITY OF NORTHERN IOWA,

    Defendants.

No. C-05-2045-LRR

**ORDER**

*TABLE OF CONTENTS*

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II.*    *PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*III.*    *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*IV.*    *FACTUAL ALLEGATIONS IN JOYNER'S COUNTERCLAIMS* . . . . . . . . 4

*V.*    *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     *A.*    *Count II: Unfair Competition* . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     *B.*    *Count III: Abuse of Process* . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*VI.*    *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## *I. INTRODUCTION*

    Before the court is Plaintiff ProBatter Sports, LLC's Motion to Dismiss (docket no. 27).

## II. PRIOR PROCEEDINGS

On May 17, 2005, Plaintiff ProBatter Sports, LLC ("ProBatter") filed a Complaint against Defendants Joyner Technologies, Inc. ("Joyner") and The University of Northern Iowa ("UNI"). The Complaint concerns two patents, the "'134 Patent"[1] and the "'512 Patent,"[2] which ProBatter holds on a baseball video pitching simulator ("ProBatter Simulator").

ProBatter's Complaint contains three causes of action. First, ProBatter alleges Joyner is contributorily infringing and actively inducing the infringement of the '134 Patent and the '512 Patent, in violation of 35 U.S.C. §§ 271(b) and (c). Second, ProBatter alleges Joyner and UNI have literally infringed the same two patents, in violation of 35 U.S.C. § 271(a). Third, ProBatter alleges that Joyner's actions "constitute unfair competition and an unfair trade practice under the common law." ProBatter seeks injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs.

On September 15, 2005, Joyner filed its Answer, Affirmative Defenses and Counterclaim. Joyner denies the substance of ProBatter's Complaint and asserts eleven affirmative defenses. In Count I of its Counterclaim, Joyner seeks a declaratory judgment of non-infringement. In Counts II and III, Joyner alleges common law unfair competition and abuse of process. Joyner seeks compensatory damages for ProBatter's alleged commission of these two torts.

On October 5, 2005, ProBatter filed a Motion to Dismiss [Joyner's] Counterclaims for Common Law Unfair Competition (Count II) and Abuse of Process (Count III)

---

[1] United States Patent No. 6,186,134, entitled "Pitching System with Video Display Means."

[2] United States Patent No. 6,513,512, entitled "Pitching System With Video Display Means."

("Motion"). ProBatter alleges that these two counterclaims fail to state claims upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 9, 2005, Joyner filed a Resistance. On December 16, 2005, ProBatter filed a Reply.

Neither party has requested oral argument on the Motion. The court concludes oral argument is not necessary to resolve the instant Motion and, thus, turns to consider it.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the district court to dismiss a counterclaim if the counterclaim fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In assessing ProBatter's Motion, the court is required to view the allegations in the counterclaim in the light most favorable to Joyner, the nonmoving party. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005). The court must accept all the factual allegations in Joyner's counterclaims as true. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002); *Mo. River Sys. Litig.*, 418 F.3d at 917. The court may dismiss the case only if it appears beyond doubt that Joyner can prove no set of facts in support of its claim which would entitle it to relief. *Mo. River Sys. Litig.*, 418 F.3d at 917. The issue is not whether Joyner will ultimately prevail but whether Joyner is entitled to offer evidence to support its counterclaims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The Federal Rules of Civil Procedure contemplate a liberal notice pleading standard. *Leatherman v. Tarrant County Narcs. & Intel. Unit*, 507 U.S. 163, 168 (1993). The Rules do not require a party to set out in detail all the facts upon which it bases its claims. *Id*. Instead, the Rules only require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a short and plain statement must provide fair notice of the claim and the grounds upon which the claim rests.

*Leatherman*, 507 U.S. at 168 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Wishnatsky v. Rovner*, 2006 WL 20580, *2, ___ F.3d ___, ___ (8th Cir. 2006) (holding that plaintiff's complaint met the requirements of Rule 8(a) because it gave the defendants "fair notice of the nature and basis of [the plaintiff's] claim"). The Rules are designed "to give notice to the other party and not to formulate issues or fully summarize the facts involved." *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.*, 395 F.2d 388, 389-90 (8th Cir. 1968) (citing *Conley*, 355 U.S. at 45-48).

### IV. FACTUAL ALLEGATIONS IN JOYNER'S COUNTERCLAIMS

Accepting the allegations in Joyner's counterclaims as true and affording Joyner all reasonable inferences, for purposes of the instant Motion the facts are these:

Joyner and ProBatter are direct competitors in the sports training products business. In May of 2005, ProBatter filed the instant Complaint against Joyner. ProBatter knows the Complaint lacks merit. The gist of the Complaint is that Joyner is selling a video display system, the ALLSTAR PRO 5000, that infringes upon ProBatter's patents when it is used in conjunction with Home Plate, a programmable pitching machine.[3]

ProBatter filed its Complaint without physically inspecting Joyner's ALLSTAR PRO 5000 product and did not conduct an adequate investigation. ProBatter nonetheless alleges that Joyner sold the ALLSTAR PRO 5000 to UNI and UNI is using the ALLSTAR PRO 5000 with Home Plate, in violation of ProBatter's patent rights. ProBatter also alleges Joyner has willfully, deliberately and wantonly engaged in acts of unfair competition and unfair trade practices in its advertising and promotion of the ALLSTAR PRO 5000 by drawing unfair comparisons to the ProBatter Simulator. ProBatter's lawsuit lacks a reasonable basis in fact and is simply a means of unfairly competing with Joyner.

---

[3] Home Plate is sold by Sports Tutor, Inc., which is not a party to this lawsuit.

4

ProBatter seeks to unlawfully expand the scope of protection afforded to it by the '134 Patent and the '512 Patent.

The ALLSTAR PRO 5000—either singly or in combination with the Home Plate pitching machine—does not infringe Probatter's patents. Indeed, ProBatter obtained its patents even though those patents covered prior art and inventions of a number of companies, including Video Baseball of America, Inc., MIR Corporation, Sports Tutor, Inc. and Crown Manufacturing.

ProBatter told one of Joyner's customers, UNI, that the ALLSTAR PRO 5000 infringes the '134 Patent and the '512 Patent. Joyner knows that the ALLSTAR PRO 5000 does not infringe either patent. ProBatter lied to UNI with the intent, purpose and effect of procuring an unfair competitive advantage over Joyner.

After ProBatter filed its Complaint, Joyner provided ProBatter with proof that ProBatter's lawsuit lacks merit and asked ProBatter to dismiss the Complaint. Joyner showed ProBatter that ProBatter's queuing, synchronization and countdown mechanisms are not novel, there are machines on the market that represent prior art and inventions known to ProBatter, and other two-wheel machines existed and were known to ProBatter. ProBatter refuses to dismiss the Complaint. Instead, ProBatter intends to deceive consumers as to the ownership of the parties' products. Consumers are likely to be confused.

In sum, ProBatter is wilfully using the legal process in an improper and unauthorized manner. As a consequence, ProBatter will continue to unlawfully procure business that it would not otherwise obtain fairly in the open market. Joyner has sustained harm to its business and incurred damage, including having to mount a defense to this litigation.

## V. LEGAL ANALYSIS

### A. Count II: Unfair Competition

In Count II, Joyner asserts a unfair competition counterclaim. This counterclaim is based on Iowa common law. *See, e.g., Basic Chems. v. Benson*, 251 N.W.2d 220, 231 (Iowa 1977) (recognizing the tort of unfair competition); *see also Wright v. Brooke Group Ltd.*, 652 N.W.2d 159, 172 (Iowa 2002) (indirectly recognizing that *Basic Chemicals* recognized the tort of unfair competition).

There is very little judicial exposition of the parameters of the tort of unfair competition in Iowa; *Basic Chemicals* is the only Iowa case the court can find that discusses the tort. The Iowa Supreme Court did not set forth the elements of the tort in *Basic Chemicals*. "Unfair competition . . . does not describe a single course of conduct or a tort with a specific number of elements . . . .The category is open-ended, and nameless forms of unfair competition may be recognized at any time for the protection of commercial values." *Prosser & Keeton on Torts*, § 130 at 1015 (5th ed. 1984); *accord* Restatement (Third) Unfair Competition § 1, cmt. g (1993) ("It is impossible to state a definitive test for determining which methods of competition will be deemed unfair"); *cf. State ex rel. Miller v. Cutty's Des Moines Camping Club, Inc.*, 694 N.W.2d 518, 525 (Iowa 2005) ("Determining what constitutes an unfair practice is a highly fact-specific inquiry that will depend upon the circumstances of each case.").

In its Motion, ProBatter notes that "[a]ll of Joyner's allegations of unfair competition of ProBatter's actions are with respect to filing this [patent] lawsuit." ProBatter argues that the court must dismiss Count II because "counterclaims of unfair competition that are based on a party filing a patent infringement action should be dismissed."

The court declines to dismiss Count II of Joyner's Counterclaim for three

independent reasons. First, Joyner's unfair competition counterclaim is not solely predicated on Probatter's filing of the Complaint. Joyner also alleges that (1) ProBatter's lawsuit is a sham designed to to unlawfully expand the scope of its patents and to procure an unfair competitive advantage over Joyner; (2) ProBatter told one of Joyner's customers that Joyner's product infringed Probatter's patents, when ProBatter knew this was false; (3) Probatter's acts are likely to confuse consumers about the ownership of the products in question and (4) ProBatter is procuring business that it would not otherwise obtain fairly in the open market. Second, the Iowa Supreme Court has held that a counterclaim sounding in tort may be based on the filing of the plaintiff's lawsuit. *Galloway v. Zuckert*, 424 N.W.2d 437, 440 (Iowa 1988) (discussing abuse of process counterclaim); *see also Cochrane v. Iowa Beef Processors, Inc.*, 596 F.2d 254, 262-63 (8th Cir. 1979) (suggesting that abuse of process counterclaim based on plaintiff's filing of lawsuit is properly filed as a permissive counterclaim). Third, ProBatter cites no controlling precedent for its argument.[4]

---

[4] ProBatter cites a number of inapposite and unpublished federal district court cases from around the country. *See, e.g., PSN Ill., Inc. v. Ivoclar Vivadent, Inc.*, No. 04-C-7232, 2005 U.S. Dist. LEXIS 21044 (N.D. Ill. Sept. 21, 2005) (dismissing unfair competition claim brought under Lanham Act, 15 U.S.C. § 1125(a)(1) and under Illinois statutory and common law); *CollegeNET, Inc. v. Xap Corp.*, No. CV-03-1229-HU, 2004 U.S. Dist. LEXIS 21059 (D. Or. Oct. 12, 2004) (recommending that district court dismiss unfair competition claims brought under Lanham Act and Oregon common law); *Knoll Pharm. Co. v. TEVA Pharm. USA, Inc.*, No. 01-C-1646, 2001 U.S. Dist. LEXIS 12999, *6-7 (N.D. Ill. Aug. 24, 2001) (dismissing unfair competition claim because (1) proponent of such claim had not cited any federal statute or Illinois case giving rise to such an action and (2) courts applying Illinois law have concluded that the only causes of action that can arise from the wrongful filing of a lawsuit are malicious prosecution and abuse of process); *Pioneer Hi-Bred Int'l, Inc. v. Holden Found. Seeds, Inc.*, Civil No. 81-60-E, 1987 U.S. Dist. LEXIS 18286, *147-48 (S.D. Iowa Oct. 30, 1987) (opining in dicta that the court
(continued…)

In its Reply, ProBatter claims that Count II should be dismissed pursuant to Rule 9(b) because Joyner has not plead fraud with sufficient particularity. *See* Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). ProBatter did not raise this argument in its Motion. Therefore, the court declines to consider it. *See* LR 7.1(g) (noting that the purpose of a reply brief is "to assert newly decided authority or to respond to new and unanticipated arguments made in the resistance"); *see also United States v. Martinson*, 419 F.3d 749, 753 (8th Cir. 2005) (noting that, in the appellate context, arguments raised for the first time in a reply brief need not be considered).[5]

For the foregoing reasons, the court concludes ProBatter has failed to prove that Joyner has not stated an unfair competition claim upon which relief can be granted. Accordingly, the court shall deny ProBatter's Motion with respect to Count II of Joyner's counterclaim.

---

[4](…continued)
was "inclined to believe [the tort of unfair competition] should not be broadened to include" a counterclaim in which a competitor allegedly threatened to sue the counterclaimant's customers "in furtherance of expanded discovery and/or to exhaust [the counterclaimant's] resources"), *aff'd on other grounds*, 35 F.3d 1226 (8th Cir. 1994). Other district courts, however, have reached opposite conclusions. *See, e.g., Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1151 (N.D. Cal. 2003) (discussing tort of unfair competition under California, Connecticut and Illinois law and concluding that "the case law makes clear that unfair competition claims may be based on a wide range of conduct," including the filing of a "sham" patent infringement proceeding)), *appeal dismissed*, 374 F.3d 1098 (Fed. Cir. 2004), *cert. denied sub nom. Bd. of Trustees of Univ. of Ill. v. Fujitsu Ltd.*, 126 S. Ct. 44 (2005).

[5] In its Resistance, Joyner noted that ProBatter did not argue in its Motion that a showing of fraud is required to prove a common law unfair competition claim.

## B. *Count III: Abuse of Process*

In Count III, Joyner asserts an abuse of process counterclaim. The parties agree on the elements of abuse of process under Iowa law. An abuse of process claim has three elements: (1) the use of a legal process, (2) its use in an improper or unauthorized manner and (3) the party asserting the abuse of process claim suffered damages as a result of the abuse. *See, e.g., Thomas v. Marion County*, 652 N.W.2d 183, 186 (Iowa 2002); *Gibson v. ITT Hartford Ins. Co.*, 621 N.W.2d 388, 398 (Iowa 2001); *Fuller v. Local Union No. 106*, 567 N.W.2d 419, 421-22 (Iowa 1997); *Tomash v. John Deere Indus. Equip. Co.*, 399 N.W.2d 387, 390 (Iowa 1987); *accord Munz v. Parr*, 785 F.2d 1254, 1258 (8th Cir. 1985) (applying Iowa law). ProBatter admits that Joyner can meet the first element of its abuse of process claim, insofar as Joyner alleges that ProBatter used a legal process when it sued Joyner for patent infringement in the Complaint. The issue in the instant Motion is whether Joyner has sufficiently pled the second and third elements in its counterclaim.

With respect to the second element, ProBatter contends that Joyner has not sufficiently alleged that ProBatter has used the legal process in an improper or unauthorized manner. ProBatter points out that "the second element is difficult to establish." *Johnson v. Farm Bureau Mut. Ins. Co.*, 533 N.W.2d 203, 209 (Iowa 1995). In the interest of ready access to the courts, the Iowa Supreme Court has required proof that the legal process was used "*primarily* for an impermissible purpose." *Id.* (emphasis in original). "A prerequisite for recovery is evidence that the person committed some act in the use of the process that was not proper in the regular prosecution of the proceeding." *Grell v. Poulsen*, 389 N.W.2d 661, 664 (Iowa 1986). "Put another way, 'the [abuse of process] defendant is not liable if he has done no more than carry the process to its authorized conclusion, even with bad intentions.'" *Wilson v. Hayes*, 464 N.W.2d 250, 267 (Iowa 1990) (quoting *Schmidt v. Wilkinson*, 340 N.W.2d 282, 284 (Iowa 1983)).

9

Proof of malicious intent, standing alone, does not satisfy the second element. *Grell,* 389 N.W.2d at 664.

The court concludes that Joyner has sufficiently pled the second element of its abuse of process claim. In its counterclaim, Joyner generally alleges that ProBatter "has used and is using the legal process in an improper and unauthorized manner." A fair reading of Joyner's counterclaim is that ProBatter instituted this lawsuit solely for anti-competitive purposes. Moreover, Joyner specifically alleges that ProBatter has committed an act in the use of the process that was not proper in the regular prosecution of the proceeding. Joyner alleges that ProBatter seeks to unlawfully expand the scope of protection afforded to it by the '134 Patent and the '512 Patent and in conjunction with the filing of the lawsuit made representations to one of Joyner's customers that the ALLSTAR PRO 5000 infringes upon those patents. The court concludes such allegations are sufficient to state a claim upon which relief may be granted. *Compare Tomash*, 399 N.W.2d at 390 (remarking that the use of legal process "to coerce or extort an individual to pay a debt or to take some action or refrain from taking it is an abuse of process"), *with Johnson*, 533 N.W.2d at 209 (simply filing a lawsuit in order to gain leverage for settlement is not sufficient because settlement "is included in the goals of proper process").

In its Reply, ProBatter appears to argue for the first time that notice pleading standards do not apply to abuse of process claims. ProBatter did not raise this argument in its Motion. *See* LR 7.1(g) (noting that the purpose of a reply brief is "to assert newly decided authority or to respond to new and unanticipated arguments made in the resistance"); *see also Martinson*, 419 F.3d at 753 (noting that, in the appellate context, arguments raised for the first time in a reply brief need not be considered). In any event, the argument lacks merit as the court can find no such exception in the federal rules. *See* Fed. R. Civ. P. 9 (listing exceptions).

With respect to the third element of Joyner's abuse of process claim, ProBatter contends Joyner has failed to sufficiently plead damages. ProBatter contends that mere "inconvenience" is not sufficient damages to support an abuse of process claim and "damages as a result of defending the litigation do not constitute the type of damages incurred to support an abuse of process claim." ProBatter does not, however, cite any controlling authority to support these assertions. In any event, Joyner has incurred other damages. For example, Joyner alleges that it has "sustained harm to its business."

For the foregoing reasons, the court concludes ProBatter has failed to prove that Joyner has not stated an abuse of process claim upon which relief can be granted. Accordingly, the court shall deny ProBatter's Motion with respect to Count III.

## *VI. CONCLUSION*

Accordingly, the court **DENIES** Plaintiff ProBatter Sports, LLC's Motion to Dismiss (docket no. 27) in its entirety.

**IT IS SO ORDERED.**

**DATED** this 17th day of January, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA