UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| PROBATTER SPORTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:05-cv-02045 |
| | ) | |
| JOYNER TECHNOLOGIES, INC., and | ) | **SPORTS TUTOR, INC.'S** |
| UNIVERSITY OF NORTHERN IOWA, | ) | **MEMORANDUM OF LAW** |
| | ) | **IN SUPPORT OF SPORTS** |
| Defendants. | ) | **TUTOR, INC.'S** |
| | ) | **MOTION TO INTERVENE** |
| | ) | |
| JOYNER TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant-Counterplaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PROBATTER SPORTS, LLC, | ) | |
| | ) | |
| Plaintiff-Counterdefendant. | ) | |

TABLE OF CONTENTS

I.   SPORTS TUTOR, INC. HAS A RIGHT TO INTERVENE..................................................2

II.   SPORT'S TUTOR'S MOTION TO INTERVENE IS TIMELY ...................................4

    A.   Sports Tutor Has Not Delayed in Preparing and Filing Its Motion......................5

    B.   The Litigation Has Not Progressed Significantly Prior to Sports Tutor's Motion to Intervene ................................................................................................5

    C.   Intervention Will Not Prejudice the Other Parties................................................5

III.   CONCLUSION..................................................................................................................6

I.      SPORTS TUTOR, INC. HAS A RIGHT TO INTERVENE

The proposed intervenor, SPORTS TUTOR, INC. ("Sports Tutor"), is a California corporation that manufactures sports machines for baseball, volleyball, soccer and tennis. Sports Tutor is the Defendant in a lawsuit filed by the Plaintiff-Counterdefendant in the present action. Specifically, on December 28, 2005, the Plaintiff-Counterdefendant filed a Complaint against Sports Tutor in the United States District Court for the District of Connecticut, which case has been assigned case number 3:05-cv-01975-SRU ("Conn. Lawsuit").

In the Conn. Lawsuit, among other allegations, the Plaintiff-Counterdefendant alleges Sports Tutor has infringed the Plaintiff-Counterdefendant's United States Patent Numbers 6,182,649 (the "'649 Patent") and 6,546,924 (the "'924 Patent") by marketing and selling Sports Tutor's HomePlate programmable pitching machine. Sports Tutor denies it has infringed the '649 Patent or the '924 Patent, and asserts that the patents are invalid and unenforceable.[1]

The Defendant-Counterplaintiff in this action, JOYNER TECHNOLOGIES, INC. ("Joyner"), sold video display equipment to be used with a HomePlate programmable pitching machine that the UNIVERSITY OF NORTHERN IOWA ("UNI"), the other Defendant in this action, purchased from Sports Tutor. Without opposition, Joyner has sought leave to amend its counterclaim against the Plaintiff-Counterdefendant to add a declaratory judgment count to address the invalidity, non-infringement and unenforceability of the '649 Patent and the '924 Patent.

Sports Tutor undeniably has an interest in the subject matter of this litigation. The Plaintiff-Counterdefendant has alleged that Sports Tutor's HomePlate programmable pitching machine infringes the '649 Patent and the '924 Patent, and Joyner's latest pleading amendment will squarely place those issues into this case. Moreover, the combination of the HomePlate

---

[1] Resolution of the Count I patent claims in Sports Tutor's favor would be expected to moot the remaining Count II claims in the Conn. Lawsuit, and moreover, Sports Tutor believes that the Count II claims are preempted by federal patent law as they are coextensive with the patent claims.

programmable pitching machine with Joyner's technology is alleged to infringe the other two patents that the Plaintiff-Counterdefendant has asserted. The disposition of these issues of infringement without Sports Tutor's intervention may impair or impede Sports Tutor's ability to protect its own interests.

A party seeking to intervene must establish both that it has standing to complain and that the elements of Rule 24, either under subsection (a)(2) or (b)(2) are met. Rule 24(a)(2) requires that the proposed intervenor establish (1) that it claims an interest in the property or transaction which is the subject of the litigation, (2) that disposition of the litigation in the party's absence may impede or impair its ability to protect its interest, and (3) that the interest is not adequately represented by the current parties to the suit. *South Dakota v. Ubbelohde*, 330 F.3d 1014, 1023 (8th Cir. 2003). Having already established that Sports Tutor has an undeniable interest in the subject matter of this litigation and that its exclusion from this case may impede or impair its ability to protect its interests, Sports Tutor need only show its interests are not adequately protected by another party to ensure its intervention as a matter of right. The "inadequate protection" element imposes only a "minimal burden" on the movant. *Eischeid v. Dover Constr., Inc.*, 217 F.R.D. 448, 468 (N.D. Iowa 2003).

Neither Joyner nor UNI has any legal duty to protect Sports Tutor's interests in connection with resolution of the issue whether Sports Tutor's HomePlate programmable pitching machine infringes the '649 Patent and the '924 Patent. Further, Joyner is not the manufacturer of the HomePlate programmable pitching machine. Sports Tutor is therefore best suited to represent Sports Tutor's interests in connection with the issue whether Sports Tutor's

3

HomePlate programmable pitching machine infringes the '649 Patent and the '924 Patent and the Motion to Intervene should be allowed as a matter of right.[2]

Moreover, under Rule 24(b)(2), the facts which would make it appropriate for permissive intervention are numerous. Not only are there the factors discussed above with regard to Rule 24(a)(1) in connection with the '649 and '924 Patents, but it can be noted that as to the other two patents being asserted, Plaintiff-Counterdefendant is basing its infringement claim on the combination of Joyner's video technology with a HomePlate programmable pitching machine UNI purchased from Sports Tutor.

Judicial efficiencies associated with intervention by Sports Tutor are manifest. Only a single judge and jury need gain an understanding of the details of the prior art, the details of the HomePlate product, the meaning of the terms of patent claims common to all four patents in Markman rulings, and other common issues of fact and law. This Court has already invested time addressing a substantial motion to dismiss. Inconsistent outcomes may be avoided. By having all patent claims in a single suit, if any issues of damages remain for trial, the claims will inherently be reconciled among the various patents, and the potential for double counting will be avoided. An opportunity will be afforded the Court in Connecticut to stay, dismiss or transfer its recently filed action to Iowa, if intervention is permitted in Iowa.

II. SPORTS TUTOR'S MOTION TO INTERVENE IS TIMELY

The requirements of Rule 24(a), Fed. R. Civ. P., including "timeliness" are to be construed broadly in favor of the party seeking intervention. *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995). Sports Tutor's Motion to Intervene is "timely" pursuant to

---

[2] Even if Sports Tutor's Motion to Intervene was not allowed as a matter of right, this Court should exercise its discretion to allow such motion. "Permissive" intervention may be allowed "when an applicant's claim or defense and the main action have a question of law or fact in common." *Id.* (citing Fed. R. Civ. P. 24(b)). "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *Id.* Sports Tutor has already established the lack of prejudice to any party by this Court allowing its Motion to Intervene, and therefore, if such motion were not to be granted as a matter of right, which it should, this Court should exercise its discretion to allow such motion.

4

the three (3) factors considered significant by the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit"): (1) the reason for any delay by the proposed intervenor in seeking intervention, (2) how far the litigation has progressed before the motion to intervene is filed, and (3) how much prejudice the delay, if any, in seeking intervention may cause to the other parities if the intervention is allowed. *Id.* at 1159.

A.  Sports Tutor Has Not Delayed in Preparing and Filing Its Motion

The Conn. Lawsuit was just filed on December 28, 2005, and not served on Sports Tutor until January 18, 2006. As soon as practicable after learning of the Conn. Lawsuit and the issues in the present case, Sports Tutor filed its Motion to Intervene. No delay occurred.

B.  The Litigation Has Not Progressed Significantly Prior to Sports Tutor's Motion to Intervene

Discovery has not commenced in this action and allowing Sports Tutor's Motion to Intervene would not delay this action. No Scheduling Order or Discovery Plan has been entered and the parties have recently agreed that Joyner should be permitted to amend its counterclaim to add the two additional patents. Accordingly, this case is clearly at the beginning pleading and discovery stages.

C.  Intervention Will Not Prejudice the Other Parties

This litigation is in its infancy. Further, the issue regarding which Sports Tutor seeks intervention, the alleged infringement by Sports Tutor's HomePlate programmable pitching machine of the '649 Patent and the '924 Patent, has just been raised as an issue in this litigation. The Plaintiff-Counterdefendant has not yet even responded to the relevant Counterclaim of Joyner. Accordingly, the proposed intervention will not prejudice the other parties. *See Union Elec. Co.*, 64 F.3d at 1159 ("The question for determining the timeliness of the motion to intervene is whether existing parties may be prejudiced by the delay in moving to intervene, not

whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change.")

Moreover, if this Court were to deny Sports Tutor's Motion to Intervene, Sports Tutor would be required to pursue its rights through separate litigation. This would result in concurrent litigation of the same issue in different actions and courts. This could undoubtedly risk inconsistent results. Further, judicial economy would dictate that the issues raised by Joyner as to the '649 Patent and the '924 Patent and the issues raised by the Plaintiff-Counterdefendant as to Sports Tutor's alleged infringement of such patents-in-suit be tried in the same action. The Plaintiff-Counterdefendant chose this forum and cannot reasonably argue any prejudice in litigating the issue at hand before this Court. Finally, this action was the first filed, not the Conn. Lawsuit. Accordingly, efficiency and avoidance of prejudice to Sports Tutor demand that Sports Tutor's Motion to Intervene be allowed.

III.   CONCLUSION

For the Foregoing reasons, the proposed intervenor, SPORTS TUTOR, INC., respectfully requests this Court grant its Motion to Intervene and allow said proposed intervenor the opportunity to file a Third Party Counterclaim against the Plaintiff-Counterdefendant, PROBATTER SPORTS, LLC, within twenty-one (21) days of any Order allowing said Motion to Intervene.

SPORTS TUTOR, INC.,
proposed intervenor

/s/ *James S. Zmuda*
_____
James S. Zmuda, Attorney No. 0011444
For: CALIFF & HARPER, P.C.
506 15th Street, Suite 600
Moline, Illinois 61265
Telephone:(309) 764-8361
Facsimile: (309) 764-8394

and

/s/ *John C. McNett*
_____
John C. McNett
Quentin G. Cantrell
WOODARD EMHARDT MORIARTY
MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
Telephone: (317) 634-3456
Facsimile: (317) 637-7561

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA, EASTERN DIVISION

| | | |
|---|---|---|
| PROBATTER SPORTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:05-cv-02045 |
| | ) | |
| JOYNER TECHNOLOGIES, INC., and | ) | **CERTIFICATE OF SERVICE** |
| UNIVERSITY OF NORTHERN IOWA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| JOYNER TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant-Counterplaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PROBATTER SPORTS, LLC, | ) | |
| | ) | |
| Plaintiff-Counterdefendant. | ) | |

I hereby certify that on February 2, 2006 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    sholtman@simmonsperrine.com
    krottman@simmonsperrine.com
    daniel.rosenberg@lawiowa.com
    jamie.wagner@lawiowa.com
    david.tank@lawiowa.com
    heather.wilson@lawiowa.com
    jzmuda@califf.com
    aeggers@califf.com
    jketner@califf.com
    qcantrell@uspatent.com
    jmcnett@uspatent.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

*/s/ James S. Zmuda*

---

James S. Zmuda, Attorney No. 0011444
For: CALIFF & HARPER, P.C.
506 15th Street, Suite 600
Moline, Illinois 61265
Telephone:(309) 764-8361
Facsimile: (309) 764-8394

and

John C. McNett
Quentin G. Cantrell
WOODARD EMHARDT MORIARTY
MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
Telephone: (317) 634-3456
Facsimile:  (317) 637-7561

Attorneys for proposed intervenor,
SPORTS TUTOR, INC.

jsz.pldg.2402-1