# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| PROBATTER SPORTS, LLC, | |
|     Plaintiff, | No. C05-2045 |
| vs. | **ORDER** |
| JOYNER TECHNOLOGIES, INC. and UNIVERSITY OF NORTHERN IOWA, | |
|     Defendants. | |
| ------------------------------------------------- | |
| JOYNER TECHNOLOGIES, INC., | |
|     Defendant/Counter-plaintiff, | |
| vs. | |
| PROBATTER SPORTS, LLC, | |
|     Plaintiff/Counter-defendant. | |

_____

This matter comes before the court pursuant to the February 2, 2006 motion to intervene (docket number 48), filed by Sports Tutor, Inc. ("Sports Tutor"). Plaintiff/Counter-defendant ProBatter Sports, L.L.C. ("ProBatter Sports") resisted Sports Tutor's motion to intervene on March 2, 2006. For the reasons set forth below, the motion to intervene is denied.

## PROCEDURAL HISTORY

On May 17, 2005, ProBatter Sports filed suit against defendants Joyner Technologies, Inc. ("Joyner") and University of Northern Iowa ("UNI") alleging patent

1

infringement arising out of ProBatter Sport's U.S. Patent Nos. 6,186,134 (the "'134 Patent") and 6,513,512 (the "'512 Patent"). ProBatter Sports also brought claims of inducement of infringement, unfair competition and unfair trade practices. According to ProBatter Sports' complaint, it is the "owner of all rights in and to a unique baseball video pitching simulator (the "ProBatter Simulator") that features a three-wheel pitching machine, a computer control and a video display."[1] The ProBatter Simulator is the subject of the '134 Patent and the '512 Patent (by assignment).[2] ProBatter Sports further alleges in its complaint that "Joyner has created, is selling and has sold to Defendant UNI, a video display system referred to as the 'ALLSTAR PRO 5000' (the 'ALLSTAR PRO 5000') which is adapted to be used in conjunction with a HomePlate programmable pitching machine marketed by Sports Tutor, Inc. The combination of the ALLSTAR PRO 5000 and the HomePlate machine infringes one or more claims of the '134 and '512 Patents."[3]

On December 28, 2005, ProBatter Sports sued Sports Tutor in the United States District Court for the District of Connecticut, alleging that Sports Tutor infringed Probatter Sports' United States Patent Numbers 6,192,649 (the "'649 Patent") and 6,546,925 (the "'924 Patent") by marketing and selling Sports Tutor's HomePlate programmable pitching machine. On January 18, 2006, Joyner filed a counterclaim against ProBatter Sports, alleging at Count II an action seeking a declaratory judgment of non-infringement, invalidity, and/or unenforceability of the '649 Patent and the '924 Patent. On February 21, 2006, ProBatter Sports filed a motion to dismiss Joyner's amended counterclaim seeking a declaratory judgment relating to the '649 and '924 Patents. ProBatter's motion to dismiss argues that the court lacks subject matter jurisdiction to consider these patents.

---

[1] See Complaint, ¶ 9.

[2] See Complaint, ¶¶ 11, 12.

[3] See Complaint, ¶ 13.

# INTERVENTION

A party seeking to intervene as of right under Fed. R. Civ. P. 24(a) must demonstrate both that it has standing to complain and that the elements of Rule 24(a) are met. South Dakota v. Ubbelohde, 330 F.3d 1014, 1023 (8th Cir. 2003). "Constitutional standing requires a showing of : (1) an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressability." Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999) (citations omitted). Rule 24(a) provides, in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In order to intervene pursuant to Rule 24(a), the proposed intervener must satisfy a triparte test: "(1) the party must have a recognized interest in the subject matter of the litigation; (2) that interest must be one that might be impaired by the disposition of the litigation; and (3) the interest must not be adequately protected by the existing parties." United States v. Union Elec. Co., 64 F.3d 1152, 1160 (8th Cir. 1995) (citations omitted). "While Rule 24 promotes judicial economy by facilitating, where constitutionally permissible, the participation of interested parties in others' lawsuits, the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend." Mausolf v. Babbitt, 85 F.3d 1295, 1301 (8th Cir. 1996).

"To satisfy the 'interest' and 'impediment' requirements, a party must show more than a mere economic interest; rather, the interest must be 'direct, substantial, and legally protectable.'" Eischeid v. Dover Constr., Inc., 217 F.R.D. 448, 468 (N.D. Iowa 2003) (quoting Curry, 167 F.3d at 423). Interests that are remote from the subject matter of the proceedings, or that are contingent upon a sequence of events before it becomes colorable,

will not satisfy Rule 24(a). Id. (citations omitted). "The applicant for intervention must have an interest in the subject matter of the litigation, i.e., an interest that is 'direct,'" as opposed to tangential or collateral." Union Elec. Co., 64 F.3d at 1161. The interest must also be both "substantial" and "legally protectable." Id. "Similarly, although the 'inadequate protection' element imposes only a 'minimal burden' on the movant, more than a difference in motives must be shown if the movant and an existing party have essentially the same interests in the outcome of the litigation." Eischeid, 217 F.R.D. at 468 (citations omitted).

Permissive intervention is governed by Fed. R. Civ. P. 24(b) which provides, in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"The decision to grant or deny a motion for permissive intervention is wholly discretionary." South Dakota ex rel Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted).

## ANALYSIS

Sports Tutor argues that it has a right to intervene in this lawsuit. Sports Tutor claims that it has an undeniable interest in the subject matter of this litigation because ProBatter has alleged (in the Connecticut litigation) that Sports Tutor's HomePlate programmable pitching machine infringes the '649 and the '924 Patent, the validity and enforceability of which Joyner has placed at issue in its declaratory judgment counterclaim. Sports Tutor further argues that the combination of the HomePlate programmable pitching machine with Joyner's technology is alleged to infringe the '134 and '512 Patents. Sports Tutor claims that its ability to protect its interests may be impeded if it is not allowed to

intervene, as neither Joyner nor UNI has a legal duty in connection with the resolution of the issue whether Sports Tutor's HomePlate programmable pitching machine infringes the '649 and the '924 Patent. Alternatively, Sports Tutor argues that permissive intervention is warranted in this case, especially considering the judicial efficiencies, i.e., only a single judge and jury need gain an understanding of the details of the prior art, the details of the HomePlate product, the meaning of the terms of patent claims common to all four patents in Markman rulings, and other common issues of fact and law. Permissive joinder, Sports Tutor contends, would avoid inconsistent outcomes.

ProBatter Sports resists Sports Tutor's motion to intervene. First, ProBatter argues that Sports Tutor lacks standing to intervene in this matter, i.e., Sports Tutor's interests have not been injured in this action where the '649 and '924 Patents are not at issue. ProBatter Sports further argues that Sports Tutor should not be allowed to intervene because: (1) the two patents before the Connecticut court are different than the two patents before this court; (2) the product at issue in the Connecticut litigation (Sports Tutor's Home Plate non-video pitching machine) is different than the product at issue in this court (Joyner's ALL-STAR 5000 video pitching machine conversion kit); and (3) ProBatter has not asserted the '135 and '512 Patents against Sports Tutor in any forum. ProBatter argues that Sports Tutor cannot rely on Joyner's counterclaim for declaratory judgment regarding the '649 and '924 Patents as a means to intervene because: (1) Joyner raised its counterclaim after ProBatter filed suit in Connecticut; and (2) the court has not yet decided whether it has subject matter jurisdiction over the '649 and '924 Patents. ProBatter argues that it would be a waste of judicial resources for this court to decide additional issues which are not subject of the original action.

Initially, the court finds that Sports Tutor does not have standing to intervene in this matter. ProBatter's complaint alleges that Joyner and UNI infringed the '135 and '512 Patents. The '649 and '924 Patents, which Sports Tutor is alleged to have infringed in the Connecticut lawsuit are only at issue in this case by way of Joyner's declaratory judgment

5

counterclaim, which seeks to have them declared invalid and/or unenforceable. Thus, the court fails to see where Sports Tutor has sustained an injury in fact where ProBatter has neither raised the '649 and '924 Patents in this litigation, nor threatened to.

Second, even if Sports Tutor did have standing, the court finds that it has no "right" to intervene. ProBatter's lawsuit in this court makes no claims with respect either to the '649 or '924 Patents, or to Sports Tutor's HomePlate pitching machine. Sports Tutor's only interest in this litigation is to jump on Joyner's bandwagon (assuming the court retains jurisdiction over the declaratory judgment counterclaim concerning the '649 and '924 Patents) and attempt to have those patents declared invalid and/or unenforceable. To allow Sports Tutor to intervene in this lawsuit would force ProBatter to defend a dual attack against patents it is not even pursuing. Instead, ProBatter has chosen to pursue those claims in a separate action in federal court in Connecticut. Sports Tutor will have every opportunity to protect its interests by defending the Connecticut lawsuit. Moreover, the court is confident that, should the district court retain jurisdiction over the '649 and '924 Patent claims, Sports Tutor's interests will be adequately protected in that Joyner obviously intends to attempt to have these patents declared invalid and/or enforceable. This is exactly what Sports Tutor will be attempting to do in the Connecticut lawsuit. In this respect, Joyner's and Sports Tutor's motives and interests are the same, and Sports Tutor's interests will be protected absent intervention.

Finally, the court would opt to exercise its discretion against permissive joinder. As set forth above, the existence of common questions of law and fact is present only if the court opts to exercise jurisdiction over Joyner's declaratory judgment counterclaim. Further, the court notes that ProBatter filed the Connecticut lawsuit before Joyner filed its declaratory judgment counterclaim in this case. Adding parties and patents to this case will needlessly complicate this already complicated case.

Upon the foregoing,

IT IS ORDERED that Sports Tutor's motion to intervene (docket number 48) is denied.

March 10, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT