# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| PROBATTER SPORTS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOYNER TECHNOLOGIES, INC. and THE UNIVERSITY OF NORTHERN IOWA, <br><br> Defendants, <br><br> JOYNER TECHNOLOGIES, INC., <br><br> Counterplaintiff, <br> vs. <br><br> PROBATTER SPORTS, LLC, <br><br> Counterdefendant. | No. 05-CV-2045-LRR <br><br><br> ORDER |

## I. INTRODUCTION

Before the court is Defendant-Counterplaintiff Joyner Technologies, Inc.'s ("Joyner") Motion for Stay or, in the Alternative, Motion to Extend Joyner's Deadline to Disclose Expert Witnesses (docket no. 72) ("Motion"). ProBatter Sports, LLC ("ProBatter") has not resisted the Motion, although the time for doing so has not passed. Because Joyner's expert witness deadline is September 1, 2006, the court finds circumstances warrant ruling on the Motion without waiting for a resistance. *See* LR 7.1(e) (authorizing court to rule on motions without waiting for a resistance "if

circumstances . . . warrant").[1]

## II. THE MERITS

In the Motion, Joyner asks the court to stay this case indefinitely pending resolution of a federal lawsuit in Connecticut, *Probatter Sports, LLC v. Sports Tutor, Inc.*, No. 05-CV-1975-SRU (D. Conn.) ("Connecticut Lawsuit"). In the alternative, Joyner asks for an extension of its impending September 1, 2006 deadline to disclose its expert witnesses.

### A. *Stay Pending the Connecticut Lawsuit*

Joyner asks the court to stay all aspects of this case pending resolution of the Connecticut Lawsuit. Joyner variously alleges that (1) there are motions pending in the Connecticut Lawsuit, including a motion to transfer the Connecticut Litigation to the Northern District of Iowa for consolidation with the instant case; (2) Sports Tutor might file a motion for summary judgment in September of 2006 in the Connecticut Lawsuit; (3) there are allegedly similar issues involved in the Connecticut Lawsuit; and (4) the parties cannot agree on a protective order, formal discovery has not commenced and ProBatter did not disclose its expert witnesses to Joyner as required on July 1, 2006.

The court shall deny Joyner's request for an stay of this action pending final resolution of the Connecticut Lawsuit. Joyner cites no binding precedential authority that would require a stay under the circumstances presented here.

In any event, the instant lawsuit is the first-filed lawsuit, and the Connecticut

---

[1] Although Joyner requests oral argument on the motion to stay in its brief, the court finds the request does not comply with the Local Rules and, in any event, oral argument is unnecessary. *See* LR 7.1(c) ("A request for oral argument must be noted separately in both the caption and the conclusion of the motion . . ., and must be supported by a showing of good cause.").

Lawsuit involves different parties and patents.[2] *Cf. Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (reflecting general rule that first-filed action is favored among competing patent cases) (citations omitted). Neither justice nor convenience favors a stay in this case. *Cf. Boushel v. Toro Co.*, 985 F.2d 406, 408-10 (8th Cir. 1993) (commenting favorably on the issuance of stay where there was a substantial overlap in domestic and foreign action and respect for international comity counseled in favor of a stay); *Schepers v. Terex Corp.*, ___ F. Supp. 2d ___ (N.D. Iowa 2006) (granting stay of federal court action because state court action contained the same or similar parties, the state court action was first filed, the state court action was potentially dispositive of the federal court action and the federal court action involved state-law issue of first impression). Given the unnecessary delay that has already occurred in this case, this case should go to the top of the court's docket, not the bottom. *See Boushel*, 985 F.2d at 410 (remarking that issuance of a stay was essentially an unreviewable matter of docket management for the district court).

For all of the foregoing reasons, the court shall deny Joyner's request for a stay.

## *B. Extension of Deadlines*

In the alternative, Joyner requests that its expert witness deadline be continued from September 1, 2006. Joyner alleges that ProBatter failed to disclose its expert witnesses by its deadline of July 1, 2006. Joyner contends the failure to disclose was purposeful and designed to give ProBatter an unfair tactical advantage in the Connecticut Lawsuit. Joyner contends counsel for ProBatter "has represented to counsel for Joyner that [ProBatter]

---

[2] Chief Magistrate Judge John A. Jarvey denied Sports Tutor's Motion to Intervene in Iowa, and Sports Tutor did not ask the undersigned to reconsider that Order pursuant to Federal Rule of Civil Procedure 72. The parties later agreed that the patents involved in the Connecticut Lawsuit should not be heard here.

intends to later designate an expert witness that [ProBatter] has already selected but has not disclosed." Joyner asks that its expert witness deadline be continued until sixty days after ProBatter decides to disclose its expert witness. Joyner points out that the parties' Joint Scheduling Order and Discovery Plan ("Scheduling Order") contemplates that Joyner would have sixty days to consider ProBatter's expert disclosures before submitting its own expert disclosures. The court adopted the Scheduling Order on February 20, 2006.

A party is not entitled to unilaterally suspend the rules regarding disclosure of expert witnesses. *See generally Benedict v. Zimmer*, 232 F.R.D. 305 (N.D. Iowa 2005) (finding that a party failed to disclose an expert witness in a timely fashion and that the failure to disclose was not substantially justified or harmless and holding that the appropriate sanction was the exclusion of expert's testimony from consideration at the summary judgment stage and at trial). One party may not unilaterally decide to alter the order of expert disclosures contemplated in the Scheduling Order; the Scheduling Order contains no such provision.

ProBatter is ordered to show cause why it has not disclosed its expert witnesses in a timely fashion. A telephonic show-cause hearing is set **Monday, August 28, 2006, at 11:00 a.m.** The court shall establish the call. By **Friday, August 25, 2006, at 1:00 p.m.**, counsel shall contact **Diane at 319-286-2330** to provide the telephone number at which they can be reached. The court shall reserve ruling on Joyner's motion for an extension of its discovery deadlines until the conclusion of the show-cause hearing.

After the show-cause hearing, the court shall set a trial date and a *Markman* hearing in this case. Counsel shall have their appointment calendars available for the hearing and shall have checked with prospective witnesses to ascertain their schedules. Any dates selected be firm dates.

## III.  DISPOSITION

**IT IS THEREFORE ORDERED:**

(1) Defendant-Counterplaintiff Joyner's Motion for Stay (docket no. 72) is **DENIED**;

(2) The court **RESERVES RULING** on Joyner's Motion to Extend Joyner's Deadline to Disclose Expert Witnesses (docket no. 72); and

(3) A telephonic show cause hearing is set for **Monday, August 28, 2006, at 11:00 a.m.**  The court shall establish the call.  By **Friday, August 25, 2006, at 1:00 p.m.,** counsel shall contact **Diane at 319-286-2330** to provide the telephone number at which they can be reached.

**IT IS SO ORDERED.**

**DATED** this 23d day of August, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA