424439-2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PROBATTER SPORTS, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:05-cv-02045 |
| JOYNER TECHNOLOGIES, INC., and UNIVERSITY OF NORTHERN IOWA, | ) **JOYNER TECHNOLOGIES, INC.'S BRIEF IN SUPPORT OF MOTION TO ENJOIN PROBATTER'S RECENT SUITS AGAINST JOYNER'S CUSTOMERS** |
| Defendants. | ) |
| JOYNER TECHNOLOGIES, INC., | ) |
| Defendant-Counterplaintiff | ) |
| vs. | ) |
| PROBATTER SPORTS, LLC, | ) |
| Plaintiff-Counterdefendant. | ) |

## I. INTRODUCTION

Beginning October 5, 2006 Plaintiff PROBATTER SPORTS, LLC ("ProBatter") filed at least five new lawsuits against Joyner's customers, alleging the same claims of patent infringement that have been pending in this Court since May 17, 2005. Perhaps more will follow. ProBatter did this after allowing the direct case against manufacturer JOYNER TECHNOLOGIES, INC. ("Joyner") to languish for month after month. Most recently, ProBatter negotiated for a three week extension of time to respond to Joyner's document requests and interrogatories, apparently so it would have time to prepare its assault on Joyner's customer base before attending to its Iowa case. Earlier, ProBatter failed to honor this Court's Order for filing

1

its expert reports, pleading for the Court's forgiveness for its lengthy delay. ProBatter waited months to bring the essential issue of a Protective Order to the Court's attention.

ProBatter's purpose in filing these new lawsuits is certainly not to advance the resolution of the issues of alleged patent infringement by Joyner's video pitching product. Rather ProBatter seeks to intimidate customers and potential customers who can not realistically get up to speed on the complex patent issues, and to unnecessarily burden Joyner with multiple indemnification obligations for pointless, redundant litigations, when this Court has already set up a schedule to timely address the merits of ProBatter's claims. Perhaps ProBatter also hopes its recent customer suits, such as its New York filing (in which only Grimes & Battersby, LLP attorneys appear; Iowa counsel Stephen J. Holtman being conspicuously absent), will, as a bonus, provide an end run around the Protective Order this Court recently entered.

Moreover, these customer lawsuits will unnecessarily consume judicial resources. Any patent claim that ProBatter believes it has as to the customers would have the benefit of the six year statute of limitations for patent matters. Since Joyner's sales to the customers were all recent, virtually any scenario envisioned would have the Iowa case fully resolved before the statute would have run. A dismissal of those cases would in no way compromise such legal rights as ProBatter may have. Even if Joyner were not to prevail, it would then be a simple matter to deal with its customers, if needed. More importantly, should Joyner prevail in this suit, there will be no need to waste any judicial resources on those cases, since they implicate the very same accused equipment at issue in this case.

As discussed below, the law heavily favors deciding patent cases between the patent owner and the manufacturer first, before suits against mere customers or end users are prosecuted. A Court having jurisdiction over a patent suit against a manufacturer may enjoin

other suits against that manufacturer's customers. Particularly in light of ProBatter's dilatory action in pursuit of its claims in this case, and credible defenses and counterclaims that Joyner has raised, an injunction against prosecution of these recently filed customer suits is appropriate. Given the short deadlines in each of the newly filed five cases, and the potential need to affiliate with local counsel in four (or more) additional jurisdictions and to work with each of the newly named defendants, Joyner asks for ProBatter's response to this motion be filed and electronically served by October 25, 2006 and that the Court rule on the motion promptly thereafter.

Joyner is a family business that markets video pitching machines that combine a Sports Tutor "HomePlate" pitching machine with video technology improved from technology Joyner developed in the early 1990s. When ProBatter concluded that the pendency of its Iowa lawsuit did not keep Joyner from competing with it, it sued Sports Tutor in Connecticut under two related patents in a thinly veiled effort to cut off Joyner's essential supply of pitching machines.[1] In the Connecticut case, Sports Tutor has filed case dispositive motions for summary judgment, demonstrating, inter alia, that a 1996 Scott pitching machine is prior art that includes every feature upon which ProBatter relied for its infringement claims as to the HomePlate machine. With regard to the Iowa patents, Joyner will prove, inter alia, that any claim asserted against Joyner's current product would necessarily be invalid over the use of Joyner's early 1990 video technology on the 1996 Scott pitching machines.

---

[1] A motion to transfer that action to Iowa is still pending in Connecticut, although Sports Tutor's Motion to Intervene in Iowa was denied.

## II. PROBATTER'S PATENT SUITS

1. **INITIAL MAY 17, 2005 SUIT IN IOWA AGAINST JOYNER AND CUSTOMER UNI** - ProBatter Sports, LLC v. Joyner Technologies, Inc. and University of Northern Iowa, this case, was the first filed suit. It alleges infringement of the '134 and '512 patents based on Joyner's video pitching machines.

2. **DECEMBER 28, 2005 SUPPLIER SUIT IN CONNECTICUT** - ProBatter Sports, LLC v. Sports Tutor, Inc., U.S. District Court for the District of Connecticut, 3:05-cv-01875. This suit was against Sports Tutor who supplied Joyner with the pitching machines used in Joyner's video pitching machines. This suit alleged infringement of different, but related patents, 6,182,649 and 6,546,924.

## III. PROBATTER'S RECENT CUSTOMER SUITS ALLEGING INFRINGEMENT OF THE '134 AND '512 PATENTS BASED ON JOYNER'S VIDEO PITCHING MACHINES

1. **OCTOBER 5 - BIG LEAGUE EDGE SUIT IN WASHINGTON** - ProBatter Sports, LLC v. Big League Edge, LLC, U.S. District Court for the Western District of Washington, 06-CV-01449-CMP, filed October 5, 2006.

2. **OCTOBER 6 - BAT WEST SUIT IN OHIO** - ProBatter Sports, LLC v. UP TO BAT WEST, LLC, U.S. District Court for the Northern District of Ohio, Eastern Division, 1:06-cv-02425-SO.

3. **OCTOBER 10 - MASTORIDIS SUIT IN NEW YORK** - ProBatter Sports LLC v. John Doe Corporation and Chris Mastoridis, U.S. District Court for the Eastern District of New York, 2:06-cv-05463-ADS-ARL.

4.  **OCTOBER 11 - DOCTOR YEAGER SUIT IN LOUISIANA -** ProBatter Sports LLC v. Doctor Yeager's Baseball Academy, LLC, U.S. District Court for the Eastern District of Louisiana, 2:2006cv07840-LMA-DEK

5.  **OCTOBER 11 - FROZEN ROPES SUITS IN LOUISIANA -** ProBatter Sports LLC v. Frozen Ropes New Orleans – North Shore, LLC, U.S. District Court for the Eastern District of Louisiana, 2:2006cv07841-MVL-SS

IV.  **BRIEF STATEMENT OF THE LAW**

The rationale for favoring a suit against a manufacturer over one against a mere customer is known as the "customer suit exception." *See, e.g., Katz v. Lear Siegler Inc.*, 909 F.2d 1459 (Fed. Cir. 1990). It is called an "exception" because it overrules the general rule favoring earlier-filed actions over later ones. Thus, it can justify staying or dismissing even an earlier filed suit. This can be accomplished by an injunction against a patent owner from the court in which the manufacturer suit was filed. *See, e.g., William Gluckin & Co. v. International Playtex Corp., 407 F.2d 177 (2d Cir. 1969).* In *Katz*, the Federal Circuit approved a district court's enjoining prosecution of a customer suit filed in another district.

"At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit." *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977). "If the plaintiffs in the cases are identical and the defendants in one case are in privity with those in the other, even though not formal parties, the District Court which first obtains jurisdiction has the right, in our judgment, to enjoin proceedings brought later in another district, especially when numerous steps have been taken in the court whose jurisdiction was first invoked. *Urbain v. Knapp Brothers Mfg. Co.*, 217

F.2d 810, 815 (6th Cir.) 1954). *See also Beacon Photo Service, Inc. v. Acricite Col, Inc.*, 204 USPQ 137 (E.D.N.Y. 1978); *Coleco Indus., Inc. v. Empire Plastic Corp.*, 166 USPQ 347 (S.D. N.Y. 1970).

## V. DISCUSSION

Here, ProBatter should be enjoined from pursuing its lawsuits against Joyner's customers because the Iowa case will control their outcome, and the Iowa case has been long pending. The customer suits involve the same product and the same patents. The Iowa case directly involves the real parties in interest, Joyner and ProBatter. Furthermore, the Iowa suit is especially preferable, since ProBatter chose that forum itself over a year and a half ago, and it is the first filed case. The first-filed "manufacturer" action in Iowa should take priority over all later "customer" actions. ProBatter's dilatory conduct in the Iowa case is an added factor for the Court to consider. Numerous factual witnesses and documents for the design, manufacture, use and sale of Joyner's video pitching machines and relevant prior art will be presented to the court in Iowa. There is no reason to burden either those witnesses nor Joyner's customers in terms of time, cost, and travel with a multiplicity of suits to address precisely the same issue—whether Joyner's Allstar video pitching equipment infringes either the '134 or '512 Patents.

## VI. CONCLUSION

Joyner respectfully asks this Court to enjoin ProBatter during the pendency of this Iowa case, from prosecuting any actions beyond this Iowa case, in which any customer of Joyner is charged with patent infringement relating to Joyner's AllStar video pitching equipment.

JOYNER TECHNOLOGIES, INC.,
Defendant-Counterplaintiff

*/s/ James S. Zmuda*
_____
James S. Zmuda, Attorney No. 0011444
CALIFF & HARPER, P.C.
506 15th Street, Suite 600
Moline, Illinois 61265
Telephone:        (309) 764-8361
Facsimile:         (309) 764-8394

and

*/s/ John C. McNett*
_____
John C. McNett
Quentin G. Cantrell
WOODARD EMHARDT MORIARTY
MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
Telephone:        (317) 634-3456
Facsimile:         (317) 637-7561

7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PROBATTER SPORTS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOYNER TECHNOLOGIES, INC., and ) <br> UNIVERSITY OF NORTHERN IOWA, ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> JOYNER TECHNOLOGIES, INC., ) <br> ) <br> Defendant-Counterplaintiff ) <br> ) <br> vs. ) <br> ) <br> PROBATTER SPORTS, LLC, ) <br> ) <br> Plaintiff-Counterdefendant. ) | Case No. 6:05-cv-02045 <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that on October 19, 2006 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> sholtman@simmonsperrine.com
> krottman@simmonsperrine.com
> daniel.rosenberg@lawiowa.com
> jamie.wagner@lawiowa.com
> david.tank@lawiowa.com
> heather.wilson@lawiowa.com
> jzmuda@califf.com
> aeggers@califf.com
> jketner@califf.com
> qcantrell@uspatent.com
> jmcnett@uspatent.com
> schlesinger@gandb.com

/s/ *James S. Zmuda*
_____
James S. Zmuda, Attorney No. 0011444
CALIFF & HARPER, P.C.
506 15th Street, Suite 600
Moline, Illinois 61265
Telephone:     (309) 764-8361
Facsimile:     (309) 764-8394


and

John C. McNett
Quentin G. Cantrell
WOODARD EMHARDT MORIARTY
MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
Telephone:     (317) 634-3456
Facsimile:     (317) 637-7561

jsz.pldg.2781-1