IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| PROBATTER SPORTS, LLC,<br>  Plaintiff,<br><br>v.<br><br>JOYNER TECHNOLOGIES, INC.,<br>and UNIVERSITY OF NORTHERN IOWA<br>  Defendants. | Case No.: 05-CV-2045 |

## MOTION FOR RECONSIDERATION OF THE
## COURT'S RULING ON THE MOTION TO ENJOIN PROBATTER'S RECENT SUITS
## AGAINST JOYNER'S CUSTOMERS

ProBatter Sports, LLC ("ProBatter"), through its attorneys, pursuant to Federal Rules of Civil Procedure 59(a) and 60(b) and Local Rule 7.1(e), respectfully moves the Court for reconsideration of the Court's ruling of November 3, 2006 and as enlarged on November 9, 2006 (collectively, the "Ruling"), enjoining ProBatter from prosecuting the recent suits it filed against customers of Joyner Technologies, Inc. ("Joyner"). More specifically, ProBatter is seeking:

(i)    reconsideration of that portion of the Court's Ruling which does not require Joyner to post a bond; and

(ii)    relief with respect to that portion of the Court's Ruling to the extent it precludes ProBatter from amending its complaints to assert additional claims, e.g., claims for unfair competition under 43(a) of the Lanham Act.

As grounds for this reconsideration, ProBatter states as follows:

**A. The Posting of a Bond is Mandatory under Rule 65(c)**

1.    The requirement to post a bond is mandatory under Rule 65(c) of the Federal Rules of Civil Procedure.

2. ProBatter has a statutory right, pursuant to 35 U.S.C. § 271, to bring a claim of infringement against "whoever without authority makes, uses, offers to sell, or sells" a device which infringes ProBatter's patents. 35 U.S.C. § 271. Moreover, ProBatter has the statutory right, pursuant to 35 U.S.C. §§ 283-285, to seek not only injunctive relief, but also, recovery of damages, treble damages and attorneys' fees, as remedies for infringement of its patents.

3. As shown in the Memorandum of Law in Support of Plaintiff's Motion for Reconsideration of the Court's Ruling on the Motion to Enjoin ProBatter's Recent Suits Against Joyner's Customers, Joyner and its customers are all start-up companies with minimal capitalization. Accordingly, it is likely that Joyner and its customers will not be able to satisfy any monetary judgment against them. Thus, unless Joyner is required to post a bond, as required by Rule 65(c), ProBatter will be unable to recover for the harm that it has suffered (and that it will continue to suffer) from the acts of infringement by Joyner and its customers.

4. The cases cited by the Court do not support the Court's Ruling that an exception should be made to the mandatory requirement of Rule 65 (c) of the Federal Rules of Civil Procedure that Joyner post a bond.

**B. ProBatter Should be Permitted to Add Counts to the Pending Customer Lawsuits**

It has come to the attention of ProBatter that several of Joyner's customers are making false and disparaging statements about ProBatter in the marketplace. Investigation of these statements is ongoing. Because of those false and disparaging statements, ProBatter wants to amend its complaints against those customers to include additional claims, i.e., claims under 43(a) of the Lanham Act. Because of this Court's Ruling, however, ProBatter is precluded from amending its complaints to include such 43(a) claims (or any other claims for that matter that may arise as a result of the customers' actions).

Accordingly, ProBatter is rendered powerless to do anything about those false and disparaging statements (or any other improper actions Joyner's customers may take). In fact, inaction by ProBatter in the face of such false and disparaging statements because of the existence of the stay of prosecution ordered by the Court's Ruling is likely to cause such customers and others to believe that they can violate the rights of ProBatter with impunity.

ProBatter therefore seeks modification of the Court's Ruling to permit ProBatter to amend its complaints to add additional counts in connection with such false and disparaging statements, or in connection with any other conduct which the customers may undertake which ProBatter believes is in violation of its rights. While ProBatter will be enjoined from prosecuting those additional claims for so long as the stay remains in place, such customers will be put on notice that they will ultimately be held accountable if they violate the rights of ProBatter, whether during the existence of the stay of prosecution ordered by the Court's Ruling or otherwise.

Dated: November 20, 2006

Respectfully submitted,

/s/ Susan M. Schlesinger
Susan M. Schlesinger
GRIMES & BATTERSBY, LLP
488 Main Avenue
Norwalk, CT 06851
Telephone: (203) 849-8300
Facsimile: (203) 849-9300
E-Mail: schlesinger@gandb.com

Stephen J. Holtman
SIMMONS, PERRINE, ALBRIGHT
& ELWOOD, P.L.C.
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
E-Mail: sholtman@simmonsperrine.com

*Attorneys for Plaintiff*
*ProBatter Sports, LLC*

*Of Counsel:*

GRIMES & BATTERSBY, LLP
Edmund J. Ferdinand, III, Esq.
James G. Coplit, Esq.
Russell D. Dize, Esq.
488 Main Avenue
Norwalk, CT 06851
Telephone: (203) 849-8300
Facsimile: (203) 849-9300


HISCOCK & BARCLAY, LLP
Thomas R FitzGerald, Esq.
2000 HSBC Plaza
100 Chestnut Street
Rochester, NY 14604

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 20, 2006, the foregoing Motion for Reconsideration of the Court's Ruling on the Motion to Enjoin ProBatter's Recent Suits Against Joyner's Customers and Declaration of Susan M. Schlesinger in Support of Plaintiff's Motion for Reconsideration of the Court's Ruling on the Motion to Enjoin ProBatter's Recent Suits Against Joyner's Customers were electronically filed with the Clerk of Court using the CM/ECF system with notice of such filing sent to the following:

| | |
|---|---|
| James S. Zmuda, Esq.<br>Arthur E. Eggers, Esq.<br>CALIFF & HARPER, P.C.<br>506 15th Street, Suite 600<br>Moline, Illinois 61265<br>Telephone: 309-764-8361<br>Facsimile: 309-764-8394<br>jzmuda@califf.com<br>aeggers@califf.com<br>Attorneys for Defendant<br>Joyner Technologies, Inc. | John C. McNett, Esq.<br>Quentin G. Cantrell, Esq.<br>WOODARD EMHARDT<br>MORIARTY MCNETT &<br>HENRY LLP<br>111 Monument Circle, Suite 3700<br>Indianapolis, Indiana 46204<br>Telephone: 317-634-3456<br>Facsimile: 317-637-7561<br>jcantrell@uspatent.com<br>jmcnett@uspatent.com |

_/s/ Susan M. Schlesinger_
Susan M. Schlesinger