IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PROBATTER SPORTS, LLC, | |
|     Plaintiff/Counterclaim-Defendant, | No. 05-CV-2045-LRR |
| vs. | **ORDER** |
| JOYNER TECHNOLOGIES, INC., | |
|     Defendant/Counterclaim-Plaintiff. | |

Before the court are three motions filed by Plaintiff/Counterclaim-Defendant ProBatter Sports, LLC ("ProBatter"): (1) the Motion for Reconsideration of the Court's Ruling on the Motion to Enjoin ProBatter's Recent Suits Against Joyner's Customers ("Motion to Reconsider") (docket no. 110); (2) the Motion to Strike Expert Report of Dennis M. Thomas ("First Motion to Strike") (docket no. 113); and (3) the Motion to Strike Expert Report of Lawrence J. Goffney, Jr. ("Second Motion to Strike") (docket no. 114). Defendant/Counterclaim-Plaintiff Joyner Technologies, Inc. ("Joyner") resists all three motions.

In the Motion to Reconsider, ProBatter contends that the court overlooked "legal grounds and factual considerations" in its November 3, 2006 Order and its November 9, 2006 Order (collectively, "Orders").[1] In the Orders, the court enjoined ProBatter from

---

[1] ProBatter brings its Motion to Reconsider pursuant to Federal Rules of Civil Procedure 59 and 60 and Local Rule 7.1. The court assumes without deciding that these provisions permit the court to reconsider an order granting an antisuit injunction. The court also assumes without deciding that the Motion to Reconsider, insofar as it requests
(continued…)

prosecuting certain lawsuits against Joyner's customers (the "Customer Lawsuits"). ProBatter contends that the court erred when it did not require Joyner to post a bond pursuant to Federal Rule of Civil Procedure 65(c). ProBatter has now researched the financial status of some of Joyner's customers and provided the court with an economic analysis of their viability. Based, in part, on this analysis, ProBatter contends that it is entitled to a bond in excess of $1,000,000, but would be satisfied with a bond of $75,000. As an independent matter, ProBatter also asks the court for permission to amend its complaints in the Customer Lawsuits to pursue additional claims for unfair competition.

The court shall deny the Motion to Reconsider. As a threshold matter, the Motion to Reconsider contains a number of legal arguments, as well as four exhibits and an affidavit, that were not presented to the court in the original submission of the issue of the propriety of an antisuit injunction. The issue of whether or not to impose a bond was fully litigated prior to the court's November 3, 2006 Order. ProBatter has not shown good cause why it did not present the court with such arguments and evidence the first time around. *Concordia Coll. Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993) (holding that a motion to reconsider pursuant to Rule 59 cannot be used to raise arguments or present new evidence that could have been raised the first time around); *see also Navarro v. Fuji Heavy Indus., Ltd.,* 117 F.3d 1027, 1032 (7th Cir. 1997) ("The insuperable difficulty for the plaintiff is that a motion to alter the judgment [pursuant to

---

[1](…continued) reconsideration of the court's November 3, 2006 Order, is timely. The Motion to Reconsider was not filed until November 20, 2006. Rule 59(e) and Local Rule 7.1 give litigants ten days to file a motion to reconsider. Fed. R. Civ. P. 59(e); LR 7.1. The failure to file a timely motion "eliminates [Rule 59] as the basis for the district court's action." *Spangle v. Ming Tah Elec. Co.*, 866 F.2d 1002, 1003 (8th Cir. 1989).

Rule 59] may not be based on evidence that was available when the district court judge took the motion . . . under advisement but that was not presented then."); *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 72 (1st Cir. 2003) (similar); *Seamon v. Vaughan*, 921 F.2d 1217, 1220 (11th Cir. 1991) (similar); *Int'l Ctr. for Tech. Assessment v. Thompson*, 421 F. Supp. 2d 1, 6 (D.D.C. 2006) (same); *Donoghue v. Casual Male Retail Group, Inc.*, 427 F. Supp. 2d 350, 354 (S.D.N.Y. 2006) (same). Therefore, the court shall strike such extraneous materials. *See, e.g.*, Declaration (docket no. 110-2); Exhibit A (docket 110-3); Exhibit B (docket no. 110-4); Exhibit C (docket no. 110-5); Exhibit D (docket no. 110-6); and Memorandum (docket nos. 110-7 & 111, at 13-15).

In the alternative, the court has considered the new arguments and material and finds that nothing in the Motion to Reconsider leads the court to a different conclusion. Counsel need not chew her cabbage twice. *See, e.g., Fongwo v. Gonzales*, 430 F.3d 944, 948 (8th Cir. 2005) ("[A] motion to reconsider is not a proper vehicle simply to reargue the case.").

In denying the Motion to Reconsider, the court did not consider the expert reports of Dennis M. Thomas and Lawrence J. Goffney, Jr., which were attached to Joyner's resistance. Accordingly, the court shall deny the First Motion to Strike and the Second Motion to Strike as moot.

As a final matter, it is the opinion of the court that both of the parties' briefs are unnecessarily acrimonious in tone and raise extraneous matters not necessary for the court's consideration at this stage in the proceedings. The court urges the parties to conserve their energies (and, derivatively, their clients' resources) in the future for fighting the true issues in this case.

**IT IS THEREFORE ORDERED**:

(1) The Motion to Reconsider (docket no. 110) is **DENIED**;

(2)   The First Motion to Strike (docket no. 113) is **DENIED AS MOOT**; and

(3)   The Second Motion to Strike (docket no. 114) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED** this 18th day of December, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA