UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PROBATTER SPORTS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOYNER TECHNOLOGIES, INC., and ) <br> UNIVERSITY OF NORTHERN IOWA, ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> JOYNER TECHNOLOGIES, INC., ) <br> ) <br> Defendant-Counterplaintiff ) <br> ) <br> vs. ) <br> ) <br> PROBATTER SPORTS, LLC, ) <br> ) <br> Plaintiff-Counterdefendant. ) | Case No. 6:05-cv-02045-LRR <br><br> BRIEF IN SUPPORT OF <br> MOTION TO RECONSIDER |

NOW COMES the Defendant-Counterplaintiff, JOYNER TECHNOLOGIES, INC. ("Joyner"), by and through its attorneys, Woodard, Emhardt, Moriarty, McNett & Henry LLP and Califf & Harper, P.C., pursuant to LR 7.1, and files this Brief in support of its Motion to Reconsider this Court's Order of April 18, 2007.

I. RELIEF SOUGHT

Pursuant to F. R. Civ. P. 59 Joyner seeks this Honorable Court's reconsideration of its Order of April 18, 2007 denying Joyner's Motion for Summary Judgment of Non-Infringement that was filed under seal with this Court on April 16, 2007.

II. AUTHORITIES AND ARGUMENT

   A.   Joyner's Motion For Summary Judgment Was Properly Filed Under Seal

Joyner's Motion for Summary Judgment as to Non-Infringement, filed under seal on April 16, 2007, is wrought with confidential trade secrets. Publicly filed "redacted" summary judgment pleadings would contain insufficient information to fully apprise this Court of the information relevant to a summary judgment determination in this case. To protect the confidentiality of such information, Joyner filed the Motion for Summary Judgment as to Non-Infringement, Brief and Appendix ("summary judgment pleadings") under seal. *E.g., Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338 (S.D. Iowa 1993) (sealing pleadings pursuant to a protective order is customary and appropriate).

LR 5.1(c) provides, in relevant part:

> ...
>
> If the court enters a protective order or some other order directing or permitting the filing of documents under seal, the parties thereafter must, without obtaining a further order from the court, file under seal all documents covered by the order. *The parties also must file under seal all documents referring to or disclosing confidential information in the sealed documents.*

(Italics added).

The filing of the entirety of the summary judgment pleadings under seal is authorized by this Court's Protective Order entered October 11, 2006. Paragraphs 10.2 and 10.3 of the Protective Order expressly provide:

> In applications and motions to the Court, appellate court, and/or any special master appointed by the Court, all Designated Material filed with a court or special master shall be marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," as the case may be, and include a statement substantially in the following form:
>
> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A

2

> STIPULATED PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.
>
> The submission shall indicate clearly which portions constitute Designated Material to be separately filed with the Clerk of Court under seal.
>
> 10.3 <u>Failure to File Under Seal</u>. If any party fails to file Designated Material under seal, the Designating Party or any party to this Action may request that the court place the Designated Material under seal, however the materials are not subject to the terms of this Order while not under seal.

The filing of these documents in paper form and not electronically was also mandated by LR 5.3(e) and LR 56.1(a)(4). LR 5.3 (e) provides:

> Except as noted below, unless otherwise required or authorized by these rules, the ECF Procedures Manual, or the Clerk of Court, the following documents are not to be filed electronically, but must be filed in paper form:
>
> 2. Filings totaling more than 200 pages in length.
>
> . . .
>
> 6. Any other document or filing that the court orders not to be electronically filed or maintained in the electronic case file.

LR 56.1(a)(4) provides:

> An appendix, that conforms with the requirements of section "e" of this rule filed as an electronic attachment to the motion under the same docket entry (An appendix that is more than 200 pages in length cannot be filed electronically, but must be filed in paper form. *See* LR 5.3.e.2 and subsection e.2 of this rule).

B. Joyner's Motion For Summary Judgment Was Not Filed On An *Ex Parte* Basis

The Clerk of Court's characterization of the summary judgment pleadings as "*ex parte*" is clearly erroneous. The summary judgment pleadings filed by Joyner under seal on April 16,

3

2007 complied with the requirements of this Court's Protective Order. Because of the confidential nature of the entire summary judgment pleadings, copies were served only upon the attorneys of record designated to receive "Attorney's Eyes Only" documents, as addressed in this Court's Protective Order. "*Ex Parte*" is defined by Black's Law Dictionary, 6th Ed., as: follows:

> On one side only; by or for one party; done for, in behalf of, or on the application of one party only.
>
> A judicial proceeding, order, injunction, etc., is said to be *ex parte* when it is taken or granted at the instance and for the benefit of one party only, and <u>without notice to, or contestation by, any person adversely interested</u>. …

(Underlining added). As copies of the summary judgment pleadings were served upon the attorneys who were designated by the Protective Order to receive "Confidential Attorney's Eyes Only" documents, the summary judgment pleadings were not filed *ex parte*. The documents were not filed without notice to ProBatter and ProBatter will certainly have an opportunity under the applicable court rules and Protective Order to respond to the summary judgment pleaddings.

III.    CONCLUSION

For these reasons, Joyner respectfully submits that good cause exists for filing Joyner's summary judgment pleadings under seal and that such filing was expressly authorized by this Honorable Court's Protective Order and was required under the circumstances. Further, such filing does not constitute an *ex parte* filing. Therefore, Joyner respectfully requests this Honorable Court reconsider its Order of April 18, 2007 denying Joyner's Motion for Summary Judgment as to Non-Infringement and consider Joyner's Motion for Summary Judgment as to Non-Infringement as properly filed under seal on April 16, 2007.

Respectfully submitted,

JOYNER TECHNOLOGIES, INC.,
Defendant-Counterplaintiff

/s/ James S. Zmuda
James S. Zmuda, Attorney No. 0011444
CALIFF & HARPER, P.C.
506 15th Street, Suite 600
Moline, Illinois 61265
Tel: (309) 764-8361
Fax: (309) 764-8394

and

/s/ John C. McNett
John C. McNett
Quentin G. Cantrell
WOODARD EMHARDT MORIARTY
    MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
Tel: (317) 634-3456
Fax: (317) 637-7561

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PROBATTER SPORTS, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOYNER TECHNOLOGIES, INC., and )<br>UNIVERSITY OF NORTHERN IOWA, )<br>)<br>Defendants. )<br>_____)<br>)<br>JOYNER TECHNOLOGIES, INC., )<br>)<br>Defendant-Counterplaintiff )<br>)<br>vs. )<br>)<br>PROBATTER SPORTS, LLC, )<br>)<br>Plaintiff-Counterdefendant. ) | Case No. 6:05-cv-02045-LRR<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on April 18, 2007 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    sholtman@simmonsperrine.com
    krottman@simmonsperrine.com
    schesinger@gandb.com
    maclean@gandb.com
    remaclean@optionline.net
    tfitzgerald@hiscockbarclay.com
    mpatrick@pepehazard.com
    plassiter@pepehazard.com
    daniel.rosenberg@lawiowa.com
    jamie.wagner@lawiowa.com
    david.tank@lawiowa.com
    heather.wilson@lawiowa.com
    jzmuda@califf.com

qcantrell@uspatent.com
voodspeed@uspatent.com
docketingdept@uspatent.com
jmcnett@uspatent.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

Respectfully submitted,

JOYNER TECHNOLOGIES, INC.,
Defendant-Counterplaintiff

/s/ James S. Zmuda
James S. Zmuda, Attorney No. 0011444
CALIFF & HARPER, P.C.
506 15th Street, Suite 600
Moline, Illinois 61265
Tel: (309) 764-8361
Fax: (309) 764-8394

and

/s/ John C. McNett
John C. McNett
Quentin G. Cantrell
WOODARD EMHARDT MORIARTY
    MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
Tel: (317) 634-3456
Fax: (317) 637-7561

jsz.pldg.3054-1