IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PROBATTER SPORTS, LLC, Plaintiff/Counterclaim-Defendant, vs. JOYNER TECHNOLOGIES, INC., Defendant/Counterclaim-Plaintiff. | No. 05-CV-2045-LRR <br><br> **ORDER** |

A claim construction hearing ("*Markman* hearing") is presently scheduled in this matter for June 14, 2007, at 1:00 p.m., before the undersigned in the Third Floor Courtroom.

The dispositive motions deadline has passed. Plaintiff/Counterclaim-Defendant ProBatter Sports, LLC ("ProBatter") did not file a dispositive motion, and the court denied Defendant/Counterclaim Plaintiff Joyner Technologies, Inc.'s ("Joyner") sealed, ex parte Motion for Summary Judgment of Non-Infringement (docket no. 139).

Notwithstanding ProBatter's decision not to file a dispositive motion and Joyner's failure to properly file a dispositive motion, claim interpretation is a question of law for the court. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). In accordance with the court's past practice in patent cases, therefore, the court establishes the following briefing schedule for the *Markman* hearing:

1. By May 7, 2007, the parties shall exchange lists of all claim terms that each believes requires interpretation, with the proposed interpretations.

2.  By May 14, 2007, the parties shall confer to attempt to agree on as many claim interpretations as possible.

3.  By May 28, 2007, each party shall file with the court a Motion for Claim Construction for the terms not agreed to and for which it contends, along with a Memorandum explaining how the intrinsic evidence supports that interpretation. On the same date, each party shall file a completed copy of the Joint Claim Construction Chart, which the court shall provide to the parties under separate cover.[1] If either side also relies on extrinsic evidence, it shall include in its filing with the court a statement:
    (a) explaining why extrinsic evidence is necessary;
    (b) explaining the extrinsic evidence it intends to offer; and
    (c) if the extrinsic evidence is testimony, submitting to the court such testimony in the form of an affidavit.

4.  By June 1, 2007, each party or the parties jointly shall provide the court with a video tutorial of the technology in issue and how it operates. One copy of each tutorial shall be filed with the Clerk of Court and served on the opposing party. The parties shall also deliver a courtesy copy of the tutorial video(s) to Chief Judge Reade.

5.  By June 9, 2007, each party may file a response to the opposing party's Motion for Claim Construction.

---

[1] One of the undersigned's law clerks will email a sample Joint Claim Construction Chart to counsel of record this week.

2

IT IS SO ORDERED.

DATED this 30th day of April, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

3