# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| PROBATTER SPORTS, LLC,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>JOYNER TECHNOLOGIES, INC.,<br><br>    Defendant/Counterclaim-Plaintiff. | No. 05-CV-2045-LRR<br><br>**ORDER** |

The matters before the court are Defendant/Counterclaim-Plaintiff Joyner Technologies, Inc.'s ("Joyner") Motion to Reconsider (docket no. 141) and Motion for Expedited Relief and Evidentiary Hearing Regarding Appropriate Procedures to Protect Joyner's Trade Secrets (docket no. 149) (collectively, "Motions"). On May 21, 2007, the court held a hearing ("Hearing") on the Motions. Attorneys James Zmuda, John McNett and Quentin Cantrell represented Joyner. Attorneys Stephen Holtman, Susan Schlesinger and Thomas Fitzgerald represented Plaintiff/Counterclaim-Defendant ProBatter Sports, LLC ("ProBatter").

For the reasons outlined in ProBatter's pleadings and arguments at the Hearing, the court **DENIES** the Motions. As recognized over two decades ago by the District of Columbia Court of Appeals:

> It is a hallmark of our adversary system that we safeguard party access to the evidence tendered in support of a requested court judgment. The openness of judicial proceedings serves to preserve both the appearance and the reality of fairness in the adjudications of United States courts. It is therefore the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte*, *in camera* submissions.

*Abourezk v. Reagan*, 785 F.2d 1043, 1060-61 (D.C. Cir. 1986), *aff'd by an equally divided court*, 484 U.S. 1, 2 (1987). No party, not even the fiercest of competitors in the marketplace, should "be faced . . . with a decision against him based on evidence he was never permitted to see and to rebut." *Id.* at 1061.

In its discretion, however, the court shall continue the dispositive motions deadline until ten court days after the court enters its order construing the claim terms at issue in this case. During any of the ten court days following such order, either party may file one dispositive motion, if either wishes to do so. Out of an abundance of caution, Joyner's Motion for Summary Judgment (docket no. 139) shall remain "attorneys' eyes only." The court shall tentatively seal all pleadings filed in connection with the dispositive motions deadline.

The *Markman* hearing and all matters filed in connection thereto shall remain public. In their briefs and at the *Markman* hearing, the parties should be careful to limit their arguments to the task at hand, claim construction, and not preoccupy themselves unnecessarily with ultimate issues such as infringement or invalidity. *See, e.g., Hwy. Equip. Co. v. Cives Corp.*, 476 F. Supp. 2d 1079, 1115 (N.D. Iowa 2007) (remarking how parties "wasted time posturing to one another about ultimate issues of infringement and invalidity").

**IT IS SO ORDERED.**

**DATED** this 21st day of May, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

2