# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| PROBATTER SPORTS, LLC,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>JOYNER TECHNOLOGIES, INC.,<br><br>    Defendant/Counterclaim-Plaintiff. | No. 05-CV-2045-LRR<br><br>**ORDER** |

## TABLE OF CONTENTS

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II. BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

III. ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    A.    *ProBatter Violated Rule 26(a)(2) Again* . . . . . . . . . . . . . . . . . *4*

    B.    *Rule 37(c) Sanction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

## I. INTRODUCTION

The matter before the court is Defendant/Counterclaim-Plaintiff Joyner Technologies, Inc.'s "Motion in Limine #1 Regarding Evelyn M. Sommer" ("Motion") (docket no. 197).

## II. BACKGROUND

On February 20, 2006, the court adopted the parties' Proposed Joint Scheduling Order and Discovery Plan ("Scheduling Order") (docket no. 50). In relevant part, the Scheduling Order required Plaintiff/Counterclaim-Defendant ProBatter Sports, LLC ("ProBatter") to disclose its expert witnesses to Defendant/Counterclaim-Plaintiff Joyner

Technologies, Inc. ("Joyner") by July 1, 2006. It required Joyner to disclose its expert witnesses to ProBatter by September 1, 2006. ProBatter's rebuttal expert witnesses were due by November 1, 2006.

ProBatter ignored the Scheduling Order and failed to disclose its expert witnesses by the July 1, 2006 deadline. On August 21, 2006, Joyner filed a Motion for Stay or, in the Alternative, Motion to Extend Joyner's Deadline to Disclose Expert Witnesses ("Motion to Extend") (docket no. 72). In the Motion to Extend, Joyner represented to the court that ProBatter "has not served its disclosure of expert witnesses, but has represented to counsel for Joyner that [ProBatter] intends to later designate an expert witness that [ProBatter] has already selected but has not disclosed." Motion to Extend, at 2. Joyner contended that ProBatter's failure to disclose was purposeful and designed to give ProBatter an unfair tactical advantage in a related lawsuit pending in Connecticut. Joyner asked the court to extend its deadline from September 1, 2006 "to a date sixty (60) days following [ProBatter's] disclosure of experts, or a date certain in the future on or after October 31, 2006." *Id.* at 4.

On August 23, 2006, the court ordered ProBatter to show cause why it had not disclosed its expert witnesses in a timely fashion. *See* Order (docket no. 74), at 4. The court warned ProBatter that "[a] party is not entitled to unilaterally suspend the rules regarding disclosure of expert witnesses" and "[o]ne party may not unilaterally decide to alter the order of expert disclosures contemplated in the Scheduling Order." *Id.* (citation omitted).

On August 28, 2006, the court held a hearing ("Hearing") on the Motion to Extend. At the Hearing, ProBatter admitted that it failed to disclose its expert witnesses by the July 1, 2006 deadline. In a written order that followed the Hearing, the court reminded ProBatter again that "it was not entitled to unilaterally suspend the rules regarding disclosure of expert witnesses and that future violations of the court's deadlines (whether

imposed by order or the Local Rules) may result in sanctions, including the exclusion of expert testimony." Order (docket no. 8), at 1-2 (citation omitted). However, the court exercised its discretion, granted in part the Motion to Extend and continued all of the expert witness deadlines in the case. The court continued ProBatter's expert witness deadline to September 15, 2006, Joyner's expert witness deadline to November 15, 2006, and ProBatter's rebuttal expert witness deadline to December 15, 2006.

On September 14, 2006, ProBatter disclosed the "Expert Report of Evelyn M. Sommer" ("Sommer's Report") (docket no. 88-3) to Joyner. On September 22, 2006, ProBatter sent Joyner "a listing of publications and prior testimony which should be considered part of Evelyn Sommer's expert report." *See* Letter from Stephen J. Holtman to James S. Zmuda, et al. ("Letter") (docket no. 90-2), at 1.

On September 22, 2006, Joyner filed a "Motion to Strike the Expert Report and Exclude Testimony of Evelyn M. Sommer" ("Motion to Strike") (docket no. 88). In the Motion to Strike, Joyner sought to exclude the testimony of Ms. Evelyn M. Sommer from consideration at summary judgment and to prohibit her from testifying at trial. Joyner claimed that Ms. Sommer's expert report failed to comply with Federal Rule of Civil Procedure 26(a)(2) and her opinion failed to satisfy Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Joyner asked the court to exclude Ms. Sommer's testimony pursuant to Federal Rule of Civil Procedure 37(c).

On October 11, 2006, the court denied the Motion to Strike with leave to refile. The court held that the Motion to Strike was premature, because ProBatter had not filed a motion for summary judgment. The court stated that, "if ProBatter does not file such a motion and the dispositive motions deadline passes, Joyner may file a motion to strike Ms. Sommer's testimony from trial." Order (docket no. 93), at 2.

On January 12, 2007, ProBatter disclosed a "Supplemental Expert Report of Evelyn

M. Sommer" ("Sommer's Supplemental Report") (docket no. 126) to Joyner.  On January 16, 2007, ProBatter filed Sommer's Supplemental Report with the court.

On August 29, 2007, Joyner filed the Motion.  In the Motion, Joyner renews its arguments in the Motion to Strike.  On September 6, 2007, ProBatter filed a Resistance. On September 13, 2007, the court held a hearing on the Motion, which is fully submitted and ready for decision.

### III.  ANALYSIS

#### A.  *ProBatter Violated Rule 26(a)(2) Again*

In pertinent part, Federal Rule of Civil Procedure 26(a)(2) provides:

> **Rule 26. General Provisions Governing Discovery; Duty of Disclosure**
>
> **(a) Required Disclosures; Methods to Discover Additional Matter.**
> * * *
> **(2) Disclosure of Expert Testimony.**
> **(A)** In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
> **(B)** Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. *The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four*

4

> *years*.
> **(C)** These disclosures shall be made at the times and in the sequence directed by the court.  In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, *if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party*.  The parties shall supplement these disclosures when required under subdivision (e)(1).

Fed. R. Civ. P. 26(a)(2) (bolded text in original, italics supplied).  The Eighth Circuit Court of Appeals[1] has repeatedly held that the failure to disclose a complete expert report is a failure to disclose under Rule 26.  *See, e.g., Firefighters' Instit. for Racial Equality v. City of St. Louis*, 220 F.3d 898, 902 (8th Cir. 2000) ("There is no question . . . that the expert's report was untimely. . . . FIRE named an expert on that date, but did not provide a report."); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1009 (8th Cir. 1998) ("Rule 26(a)(2) provides that an expert's report must accompany the disclosure."); *see also Boardman v. Nat'l Med. Enters.*, 106 F.3d 840, 843 (8th Cir. 1997) (holding district court did not abuse discretion in refusing to allow plaintiff's expert witness to testify at trial after plaintiff failed to timely disclose the facts and opinions to which the identified expert would testify); *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995) (commenting that an affidavit "lacked the specificity required by the Scheduling Order and thus failed to give [the defendant] advance notice of [the expert's] qualifications and the

---

[1] The law of the regional circuit applies to this discovery dispute, because the issues are "not unique to the Federal Circuit's exclusive assignment."  *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1467 (Fed. Cir. 1997); *see, e.g., Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F.App'x 322, 334-35 (Fed. Cir. 2003) (applying law of regional circuit to Rule 26) (citing *Wexell v. Komar Indus., Inc.*, 18 F.3d 916, 919 (Fed. Cir. 1994)).

5

substance of his testimony so that [the defendant] could prepare to meet the testimony at trial").

As Joyner rightly points out in the Motion, Sommer's Report does not comply with Rule 26(a)(2). Although Sommer's Report states Ms. Sommer's qualifications and her conclusory opinion "that when the Joyner ALL STAR PRO 5000 is used in combination with the Home Plate machine, such use infringes one or more [of ProBatter's patents]," Sommer's Report at 8, it is otherwise woefully inadequate. The chief defect in Sommer's Report is that it wholly fails to explain "the basis and reasons" for Ms. Sommer's assertion that Joyner is liable to ProBatter for patent infringement. The Letter also is proof that Sommer's Report was incomplete.

Accordingly, the court holds that ProBatter failed to meet its disclosure obligations and violated Rule 26(a)(2).[2]

### B. *Rule 37(c) Sanction*

In relevant part, Federal Rule of Civil Procedure 37(c) provides:

> **(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.**
>
> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so

---

[2] In addition, ProBatter failed to comply with Local Rule 26. *See* LR 26.1(b) ("Unless otherwise stipulated by the parties or ordered by the court, the parties must, on or before the deadlines for disclosing expert witnesses established by the . . . scheduling order and discovery plan, disclose their expert witnesses in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2)(A) and (B)."). Sommer's Report is also plainly inadmissible under Federal Rule of Evidence 702. Because Sommer's Report is devoid of content, the court cannot determine whether it is "based upon sufficient facts or data," whether it is "the product of reliable principles and methods" and whether "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

> disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c) (emphasis in original). Joyner asks the court to enter an order in limine that (1) prohibits ProBatter from introducing into evidence Sommer's Report or Sommer's Supplemental Report at trial and (2) prohibits Ms. Sommer from testifying at trial.

ProBatter has no substantial justification for failing to comply with Rule 26(a)(2). Even after the court gave ProBatter a second chance to meet its disclosure obligations, ProBatter continued to ignore the court's orders. This error was not harmless. ProBatter's failures to comply with the court's orders were wilful and secured a tactical advantage in this litigation and related litigation in Connecticut. Accordingly, the court shall grant the Motion in its entirety. Fed. R. Civ. P. 37(c); *see, e.g., Boardman*, 106 F.3d at 843 (affirming exclusion of expert testimony).

## *IV. CONCLUSION*

**IT IS THEREFORE ORDERED:**

(1) Joyner's Motion (docket no. 197) is **GRANTED** and

(2) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order.

7

**IT IS SO ORDERED.**

**DATED** this 14th day of September, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

8