**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

PROBATTER SPORTS, LLC,

    Plaintiff/Counterclaim-Defendant,

vs.

JOYNER TECHNOLOGIES, INC.,

    Defendant/Counterclaim-Plaintiff.

No. 05-CV-2045-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.*   *BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*  *THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *A.*    *Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *B.*    *Applicable Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *C.*    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *1.*    *McAlexander Affidavit* . . . . . . . . . . . . . . . . . . . . . . . *5*
        *2.*    *McAlexander Trial Testimony* . . . . . . . . . . . . . . . . . . *9*

*IV.*  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

*I. INTRODUCTION*

The matter before the court is Defendant/Counterclaim-Plaintiff Joyner Technologies, Inc.'s "Motion to Strike Joseph C. McAlexander's August 13, 2007 Declaration and Exclude his Non-Rebuttal Testimony" ("Motion") (docket no. 190).

## II.  BACKGROUND

On February 20, 2006, the court adopted the parties' Proposed Joint Scheduling Order and Discovery Plan ("Scheduling Order") (docket no. 50).  In relevant part, the Scheduling Order required Plaintiff/Counterclaim-Defendant ProBatter Sports, LLC ("ProBatter") to disclose its expert witnesses to Defendant/Counterclaim-Plaintiff Joyner Technologies, Inc. ("Joyner") by July 1, 2006.  It required Joyner to disclose its expert witnesses to ProBatter by September 1, 2006.  ProBatter's rebuttal expert witnesses were due by November 1, 2006.

ProBatter ignored the Scheduling Order and failed to disclose its expert witnesses by the July 1, 2006 deadline.  On August 23, 2006, the court ordered ProBatter to show cause why it had not disclosed its expert witnesses in a timely fashion.

On August 28, 2006, the court held the show-cause hearing ("Hearing").  At the Hearing, ProBatter admitted that it failed to disclose its expert witnesses by the July 1, 2006 deadline without any justification.

In a written order that followed the Hearing, the court warned ProBatter that "it was not entitled to unilaterally suspend the rules regarding disclosure of expert witnesses and that future violations of the court's deadlines (whether imposed by order or the Local Rules) may result in sanctions, including the exclusion of expert testimony."  Order (docket no. 80), at 1-2 (citation omitted).  However, the court exercised its discretion and continued all of the expert witness deadlines in the case.  The court continued ProBatter's expert witness deadline to September 15, 2006, Joyner's expert witness deadline to November 15, 2006, and ProBatter's rebuttal expert witness deadline to December 15, 2006.  On motion, the court later continued ProBatter's rebuttal expert witness deadline to February 16, 2007.

On February 16, 2007, ProBatter filed the "Rebuttal Report of Technical Expert Joseph C. McAlexander, III" ("McAlexander's Report") (docket nos. 131-2 through 131-

2

6). McAlexander's Report was "submitted, pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, in response to the Expert Report of Mr. Dennis M. Thomas regarding alleged non-infringement and invalidity of U.S. Patent Numbers 6,186,134 [("the '134 Patent")[1]] and 6,513,512 [("the '512 Patent")[2]]." McAlexander's Report (docket no. 131-2), at 6.

On August 1, 2007, the court issued an Order Regarding Claim Construction (docket no. 180). The court construed various disputed claims of the '134 Patent and the '512 Patent.

On August 15, 2007, ProBatter filed a Motion for Summary Judgment (docket no. 181). ProBatter attached a new affidavit from McAlexander, the "Declaration of Joseph C. McAlexander, III in Support of ProBatter's Motion for Summary Judgment" ("McAlexander Affidavit") (docket no. 181-4). In the McAlexander Affidavit, McAlexander applies the court's claim constructions and concludes that Joyner is liable for patent infringement to ProBatter. ProBatter attached four exhibits to the McAlexander affidavit. The exhibits are approximately 150 pages in length.

On August 27, 2007, Joyner filed the instant Motion. On September 7, 2007, ProBatter filed a Resistance. On September 11, 2007, Joyner filed a Reply.

### III. THE MERITS

#### A. Arguments

In the Motion, Joyner asks the court to strike the McAlexander Affidavit, pursuant to Federal Rule of Civil Procedure 37(b)(2)(B)-(C), and disregard it when ruling on ProBatter's Motion for Summary Judgment. Joyner also asks the court to "preclude any

---

[1] Pitching System with Video Display Means, U.S. Patent No. 6,186,134 (filed Dec. 9, 1999) (issued Feb. 13, 2001).

[2] Pitching System with Video Display Means, U.S. Patent No. 6,513,512 (filed Feb. 8, 2001) (issued Feb. 4, 2003).

testimony of [McAlexander at trial], except in rebuttal of testimony of Dennis Thomas." Motion, at 1. Joyner makes these two requests, because it contends that ProBatter is improperly attempting to use McAlexander, its rebuttal expert witness, as if he were a properly disclosed case-in-chief expert witness. That is, Joyner contends that "ProBatter's attempt to rely upon Mr. McAlexander's expert testimony is . . . either based on an improper attempt to circumnavigate the [c]ourt's [S]cheduling [O]rder, or to rely upon expert testimony without complying with the appropriate disclosure required by Fed. R. Evid. [sic] 26(a)(2)(B)." *Id.*[3]

In its Resistance, ProBatter construes the Motion as a motion to strike, filed under Federal Rule of Civil Procedure 12(f). ProBatter argues that a motion to strike "is not the proper form to challenge [McAlexander's Affidavit], since it is not a pleading." Resistance (docket no. 214), at 1. ProBatter asks the court to summarily deny this portion of the Motion, because it is procedurally defective. In the alternative, ProBatter argues that it did not violate the Scheduling Order, because McAlexander's "'new' declaration is in complete accord with McAlexander's [R]eport." *Id.* at 2. Further, ProBatter argues that, "[t]o the extent that Joyner's [M]otion seeks to exclude McAlexander from testifying as to matter at trial, it has been improperly filed, i.e., it should have been filed as part of Joyner's motion in limine." *Id.* at 2. Because Joyner has already filed three motions in limine and the Trial Management Order only permits one motion in limine, *see* Trial Management Order (docket no. 81), at 13, ProBatter argues that, in this respect, the Motion should be summarily denied.

---

[3] Joyner also argues that McAlexander's Report lacks proper foundation and is inadmissible at trial under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The court does not consider this argument, because it should have been raised in Joyner's Motion in Limine. *See* Trial Management Order (docket no. 81), at 13 (requiring parties to notify the court by motion in limine of "any novel, unusual, or complex legal, factual or procedural issues reasonably anticipated to arise at trial").

### B. Applicable Law

The law of the regional circuit applies to this discovery dispute, because the issues are "not unique to the Federal Circuit's exclusive assignment." *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1467 (Fed. Cir. 1997); *see, e.g., Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F.App'x 322, 334-35 (Fed. Cir. 2003) (applying law of regional circuit to Rule 26) (citing *Wexell v. Komar Indus., Inc.*, 18 F.3d 916, 919 (Fed. Cir. 1994)).

### C. Analysis

The court considers Joyner's request to strike the McAlexander Affidavit from ProBatter's Motion for Summary Judgment separately from Joyner's request to limit the scope of McAlexander's testimony at trial.

#### 1. McAlexander Affidavit

With respect to Joyner's request to strike the McAlexander Affidavit from ProBatter's Motion for Summary Judgment, the court declines ProBatter's invitation to summarily deny the Motion on procedural grounds. It is true that an affidavit is not a "pleading" for purposes of Rule 12(f) or Rule 37(b)(2)(C) and thus, strictly speaking, the Motion is procedurally defective. *See, e.g., Sellers v. Henman*, 41 F.3d 1100, 1101 (7th Cir. 1994); *Schooley v. Orkin Exterminating Co.*, No. 4:03-CV-400044, 2004 WL 3168274, *5 (S.D. Iowa Nov. 29, 2004) (Gritzner, J.); *Big Stone Broadcasting, Inc. v. Lindbloom*, 161 F. Supp. 2d 1009, 1013 (D.S.D. 2001); *EEOC v. Admiral Maintenance Serv., L.P.*, 174 F.R.D. 643, 645-46 (N.D. Ill. 1997); *Monroe v. Bd. of Educ. of Town of Walcott, Conn.*, 65 F.R.D. 641, 645 (D. Conn. 1975); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (Online ed. 2007) ("Wright & Miller") ("[A]s the cases make clear, [a motion to strike] is neither an authorized nor a proper way to . . . strike an opponent's affidavits."). However, the Federal Rules of Civil Procedure long ago abandoned the more technical forms of common

5

law practice. *See, e.g.*, Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). To the end, courts routinely excuse technical pleading defects similar to Joyner's and treat motions to strike as motions to determine the admissibility of evidence on a pending motion for summary judgment. *See, e.g., Monroe*, 65 F.R.D. at 645 ("It is necessary to determine what material may be used in ruling on the pending motion for partial summary judgment, and a motion to strike has sometimes been used to call to courts' attention questions about the admissibility of proffered material in similar circumstances." (Citations omitted.)); *Prof'l Asset Mgmt., Inc. v. Penn Square Bank, N.A.*, 566 F. Supp. 134, 136 (D. Okla. 1983) (treating motion to strike as a motion to dismiss); *see also* Wright & Miller § 1380 ("[A]s is true in other contexts, the technical name given to a motion challenging a pleading is of little importance inasmuch as prejudice to the nonmoving party hardly can result from treating a motion that has been inaccurately denominated a motion to strike . . . ."). The court shall do the same and thus consider the merits of the Motion, namely, whether the McAlexander Affidavit is inadmissible at the summary judgment stage of these proceedings.[4]

The thrust of Joyner's Motion is that the McAlexander Affidavit is an illegitimate attempt by ProBatter to convert McAlexander from a rebuttal expert witness into a case-in-chief expert witness. In other words, Joyner claims that ProBatter is attempting, in bad faith, to complete an end-run around the expert-witness deadlines that the court established in the Scheduling Order.

"To ensure that trial does not proceed higgledy-piggledy, the district court has wide discretion to determine the order in which parties adduce proof." *Marmo v. Tyson Fresh*

---

[4] The court notes that Rule 37(b)(2)(B) expressly authorizes the court to issue an order "prohibiting [a] party from introducing designated matters into evidence" if the court finds that such party violated a Rule 26(f) order.

6

*Meats, Inc.*, 457 F.3d 748, 759-60 (8th Cir. 2006) (citing *Geders v. United States*, 425 U.S. 80, 86 (1976)). As opposed to a case-in-chief expert witness, a rebuttal expert witness is "an expert witness necessary to refute the disclosed opinions of [an opposing party's] expert witness." *Id.* at 760 (internal quotation marks omitted); *see also* Black's Law Dictionary 1295 (8th ed. 2004) (defining "rebut" as "to refute, oppose, or counteract (something) by evidence, argument, or contrary proof") (cited with approval in *Marmo*, 457 F.3d at 760). "'The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party.'" *Marmo*, 457 F.3d at 760 (quoting *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005) (citation omitted)). "As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief." *Id.* (citing *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991) ("Rebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief.") and John Henry Wigmore, *Evidence in Trials at Common Law* § 1873 (1976) (stating that a district court should allow rebuttal evidence only if it is necessary to refute the opponent's case)).

A scheduling order "dictat[es] both the timing and substantive nature of expert witness testimony." *Id.* As such, "it [is] well within [the court's] discretion to rule that witnesses disclosed as rebuttal witnesses under [a scheduling order] would testify as rebuttal witnesses at trial." *Id.* "To construe [a scheduling order] otherwise would eviscerate the distinction between primary and rebuttal witnesses." *Id.*

Here, the court entered the Scheduling Order, which dictates both the timing and substantive nature of expert witness testimony. ProBatter designated McAlexander as a rebuttal expert witness to Thomas's expert testimony. To this end, McAlexander's Report was tailored to refuting Thomas's testimony. *See, e.g.,* Rebuttal Expert Report of Joseph C. McAlexander, III (docket no. 191-3), at 1 ("This Rebuttal Expert Report is submitted, pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, in response to the

7

Expert Report of Mr. Dennis M. Thomas . . . ."). However, even a cursory glance at ProBatter's summary judgment materials shows that ProBatter is now attempting to use McAlexander as a case-in-chief witness. The McAlexander Affidavit is wide-ranging and, with some minor exceptions, not concerned with rebutting the specific testimony of Thomas. Indeed, McAlexander is offered as the primary expert in support of ProBatter's Motion for Summary Judgment. Tellingly, ProBatter's supposed case-in-chief expert witness is not even listed in the table of contents to ProBatter's 307-page bound appendix in support of its Motion for Summary Judgment.

The inescapable conclusion is that ProBatter is attempting to circumvent the Scheduling Order by unilaterally redesignating McAlexander from a rebuttal expert witness to a case-in-chief expert witness for purposes of its summary judgment motion. Notwithstanding ProBatter's failure to ask the court's permission, ProBatter has not shown good cause to so redesignate. ProBatter has had more than ample opportunity to develop expert testimony in this case. Further, Joyner undoubtedly would suffer "significant prejudice" were the court to permit ProBatter to transform McAlexander from a rebuttal expert witness to a case-in-chief expert witness, because Joyner undoubtedly "selected its own expert witnesses and developed motion and trial strategies based on that expert witness evidence." *Marmo*, 457 F.3d at 760 (citing *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008-09 (8th Cir. 1998)).

Accordingly, the court shall grant the Motion in part. Fed. R. Civ. P. 37(c); *see, e.g., Marmo*, 457 F.3d at 760 (affirming district court's decision to deny redesignation of expert witness from rebuttal expert witness to case-in-chief expert witness) (citing *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001) ("[F]airness does not require that a plaintiff, whose expert witness testimony has been found inadmissible under *Daubert*, be afforded a second chance to marshal other expert opinions and shore up his case[.]")); *In re Air Crash Near Kirksville, Mo.*, No. 4:05MD1702-JCH, 2007 WL

8

2363505, *5 (E.D. Mo. Aug. 16, 2007) (granting motion to strike, where party failed to timely disclose case-in-chief expert witness and tried to use him as a rebuttal expert). The court shall strike the majority of McAlexander's Affidavit, insofar as it does not constitute rebuttal evidence. Specifically, the court shall strike paragraphs 4 through 5 and 9 through 24 of the McAlexander Affidavit, except for the last sentence of paragraph 13 and first two sentences of paragraph 14. The court shall also strike Exhibits B and F to the McAlexander Affidavit. The court shall deny the Motion in part with prejudice, insofar as the remaining portions of McAlexander's Affidavit is timely disclosed proper rebuttal testimony.[5]

### 2. *McAlexander Trial Testimony*

Joyner similarly requests that the court to limit the scope of McAlexander's testimony at trial to testimony rebutting Thomas's testimony, as opposed to "new" expert evidence. In *Marmo*, the Eighth Circuit Court of Appeals stated under similar circumstances that "[a]llowance of a party to present additional evidence on rebuttal depends upon the circumstances of the case and rests within the discretion of the individual most able to weigh the competing circumstances, the trial judge." 457 F.3d at 760 (citing *Gossett v. Weyerhaeuser Co.*, 856 F.2d 1154, 1156 (8th Cir. 1988)). Because the court does not presently know how the trial of this matter will unfold, it cannot presently "weigh the competing circumstances" of the case. Any ruling on this issue, therefore, would be premature. Accordingly, the court shall deny the remainder of the Motion without prejudice.

---

[5] Although not timely disclosed rebuttal evidence, the court declines to strike Exhibits C ("ALLSTAR ACE 5000 OPERATOR INSTRUCTIONS"), D (excerpts from the continued deposition of James Joyner) and E (printouts of Joyner's website pages) to the McAlexander Affidavit, because these were materials in Joyner's possession at all relevant times and the introduction of such evidence is harmless. Fed. R. Civ. P. 37(c).

9

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Joyner's Motion (docket no. 190) is **GRANTED IN PART, DENIED IN PART WITH PREJUDICE AND DENIED IN PART WITHOUT PREJUDICE**, as stated herein.

**IT IS SO ORDERED.**

**DATED** this 18th day of September, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA